183 So.2d 589 (1966)
William H. LESTER, Jr., et al., Appellants,
v.
CITY OF ST. PETERSBURG, a Municipal Corporation, Appellee.
No. 6343.
District Court of Appeal of Florida. Second District.
January 26, 1966.
Rehearing Denied March 8, 1966.
William S. Belcher of Wylie & Belcher, H. Rex Owen, of Bussey, Simmons & Owen, St. Petersburg, for appellants.
Harry I. Young and Carl R. Linn, St. Petersburg, for appellee.
*590 PIERCE, Judge.
This is an interlocutory appeal by the plaintiffs from a denial of their motion for summary judgment in a suit to declare a municipal ordinance unconstitutional.
Plaintiffs, appellants here, are owners of rental units which provide living quarters for rent paid by the year, month, or week within the City of St. Petersburg. The ordinance in question was duly passed on April 16, 1964 by the City Council of St. Petersburg as an amendment to the Minimum Housing Code of that City. As Ordinance 44-E it reads as follows:
"Section 1. Sub-section (5), Section 6, Ordinance No. 72-D is amended to read:
"(5) Effective October 1, 1964, every dwelling unit which is held out to the public for the purpose of providing living quarters either rented by the year, month, week, or for transients by the day, shall be equipped with permanent heating equipment which shall be capable of safely and adequately heating (65° Fahrenheit, five (5) feet above floor, when outside temperature is 35 degrees Fahrenheit) two-thirds of the habitable rooms. The heating equipment shall be installed and maintained in accordance with all applicable ordinances of the City. Permanent heating equipment shall mean equipment properly connected to a flue or vent, or if electric, permanently installed and connected to the electric circuits."
On June 12, 1964, The Housing Committee (created under Section 4 of the Minimum Housing Code and authorized to promulgate rules thereunder) considered the new amendment and adopted certain guideline rules, including the following:
"(1) Owner-occupied structures are exempt.
"(2) Only structures rented by the year, month, week, or by transients by the day must conform to this ordinance.
"(3) Oil heaters, gas heaters and wood stoves must be connected to an outside vent. Ceiling, wall and baseboard electrical heat will be the only types of electrical heat permitted.
"(4) Any unvented U.L. approved heater now in use can still be used if the owners install an approved vented heater. In other words, an unvented U.L. approved heater can be used as an accessory unit.
"(5) Mimeographed copies of Ordinance 44-E will be distributed at once with each permit issued for heaters. The applicant will also be told that the heater he is planning to install may be in violation after October 1, 1964, if he is planning to use it as a prime heater."
Appellants raise three points for consideration: (1) is the new amendment discriminatory because it excepts from its operation all owner-occupied dwelling units; (2) does the new amendment go further in its requirements than is necessary to accomplish its purpose and is it therefore unreasonable; and (3) does the new amendment violate the constitutional guarantee against the impairment of contract?
There is no question that the City, under its police power, may pass ordinances reasonably necessary to control and prevent fires. See: Fla. Const. Art. VIII, § 8, F.S.A.; Fla. Stat. § 167.05, F.S.A.; St. Petersburg Charter, Section 3. To be a valid exercise of the police power, however, the ordinance must not unreasonably violate constitutional guaranties, or be inconsistent with the general law of the State. Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406 (1940).
The first point is governed by well-established principles. In general, where *591 the discrimination argument is raised, whatever the State may do is equally applicable to its municipal corporations. 62 C.J.S. Municipal Corporations § 146. In State, by Knott v. Minge, 119 Fla. 515, 160 So. 670 (1935), the Supreme Court of Florida said:
"The legislature may single out and undertake to regulate a limited group which it deems a conspicuous example of a larger classification that might be regulated in its entirety in order to abate evil practices, although logically the narrow class regulated may seem not to be distinguishable from other special groups not comprehended within the law. The equal protection clause of the Federal Constitution does not require (that) state statutes shall cover the entire field of proper legislation in a single enactment. The fact that an act of the Legislature might well have extended to other classes of persons, or to the entire permissible field of legislative activity in the premises, does not give rise to a constitutional objection on that score alone." 160 So. at 674, and cases cited therein.
Appellee concluded, with substantial support in a fire-prevention study conducted over a nine-year period by its Fire Prevention Bureau, that a fire danger existed in low-income rental units which furnished no permanent heating facilities. The exemption of "owner-occupied" units was based on a clear distinction between such units and rental units as fire hazards. Very few, if any, owner-occupied units lacked permanent heating facilities, and the fire prevention study reflected the absence of danger in such units. The new amendment abated a present evil, without the necessity of regulating a distinguishable class of dwelling. Since such distinction can reasonably be made, we hold that the amendment is not discriminatory.
As to the second point, appellants contend that an ordinance prohibiting the use of dangerous temporary-type heaters would be sufficient to abate the evil. Such an ordinance, however, is in existence (See Section 25.50, St. Petersburg City Code) but the danger still exists. The leased dwellings most affected by the new amendment are occupied by low-income families who are forced to purchase their own heating equipment. The fire-prevention study shows that the equipment purchased is generally of the prohibited type and must be confiscated to protect the inhabitants. Enforcement, however, is near impossible, leaving the tenants with the choice between freezing or burning. If a regulation is ineffective at one level, a higher level may be sought. The appellee chose to regulate the premises through the landlord.
In reviewing this "reasonableness" objection we look to Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). That case dealt with the reasonableness of a zoning ordinance, but the rationale is equally applicable to any regulation enacted for the public welfare. Our Supreme Court stated (111 So.2d text 443-444):
"Courts will not substitute their judgment as to the reasonableness of a particular rule or regulation where such has been duly adopted pursuant to lawful authority when such reasonableness is fairly debatable."
The "fairly debatable" test is well established in Florida. If a court is convinced that the object of an ordinance is one about which reasonable men could find was fairly debatable as to reasonableness, then the ordinance will be upheld. Based on the findings of appellee's fire-prevention study, we find that the questioned amendment is so fairly debatable and we therefore hold it to be a valid exercise of the City's police power.
The third point is dependent on the answers to the first two issues. If an ordinance for the common welfare is constitutional and reasonable, then it is not objectionable if it incidentally may impair the obligations of private contracts. As *592 stated in Setzer v. Mayo, 150 Fla. 734, 9 So.2d 280, text 283, (1942):
"Freedom of contract and freedom in the use of one's property cannot be employed to the injury of the other fellow. Neither in a democracy like ours does personal right rise above the power of the public to regulate in the interest of the common welfare."
It is the opinion of this Court that the new amendment to the City Minimum Housing Code was legally passed; is not discriminatory; is reasonable; and does not violate the guaranty of freedom of contract.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.