453 So.2d 107 (1984)
Claude W. MILLER, Sheriff of Brevard County, Florida, Appellant,
v.
CITY OF INDIAN HARBOUR BEACH, City of Palm Bay, City of Melbourne, City of Indialantic, City of Melbourne Beach, City of Cocoa Beach, City of Rockledge, City of Titusville, and City of Satellite Beach, All Municipal Corporations, Appellees.
No. 83-1222.
District Court of Appeal of Florida, Fifth District.
June 28, 1984.
Catherine A. Riley, of Blumenthal Schwartz & Riley, P.A., Titusville, for appellant.
T.M. Barlow, of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment in a declaratory relief action. The various appellees, *108 cities in Brevard County, sought a court declaration of their rights and duties under Brevard County Ordinance 77-30.
The ordinance which became effective on August 16, 1977, provided:
1. Upon the conviction in the County or Circuit Court in and for Brevard County, Florida for violation of a state penal or criminal statute or upon conviction for violation of a county ordinance, every person so convicted shall be assessed One Dollar ($1.00) for law enforcement education for the Brevard County Sheriff's Department.
2. The whole of said assessment shall be paid by the Clerk of the Court to the appropriate fund of the County to be used exclusively in providing law enforcement education for the Brevard County Sheriff's Department.
The ordinance was created pursuant to Section 943.25, Florida Statutes (1977), which authorized the Division of Standards and Training to establish and supervise an advanced and highly specialized training program for training police officers and support personnel. Subsection (3) of that statute provided in part that:
All courts created by Art. V of the State Constitution shall assess $1 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance. In addition, $1 from every bond estreature or forfeited bail bond related to such penal statutes or penal ordinances shall be forwarded to the state treasurer as hereinafter described.
Subsection (5) of that statute then stated that:
Municipalities and counties may assess an additional $1, as aforesaid, for law enforcement education expenditures for their respective law enforcement officers.
These statutory subsections were then amended in 1981 and renumbered as Sections 943.25(4) and 943.25(8)(a),[1] Florida Statutes respectively. The amendment reflected a change in the sums to be assessed in subsections (3) and (5) from $1 to $2. Pursuant to this amendment Brevard County then amended its ordinance No. 77-30, renumbering it No. 81-54, to increase the $1 sum to $2.
Meanwhile, also in accordance with Section 943.25, Florida Statutes, each of the appellee cities also adopted ordinances providing for the setting aside of the statutory sum of $1 under the 1977 statute and, later, $2 under the 1981 revision, for fines and forfeitures collected from offenses committed within their respective city limits.
Beginning with the adoption of County Ordinance 77-30 in August, 1977, the Clerk of the Court, deducted $1 from each fine and forfeiture for a traffic violation committed within Brevard County, including its municipalities. This money was set aside for the Brevard County Sheriff's Department training fund. Likewise, in accordance with the various city ordinances, the Clerk also deducted one additional dollar for fines and forfeitures arising from violations occurring within municipalities and set it aside for the training funds of the cities. Finally, pursuant to Section 943.25(3), Florida Statutes (1977), the Clerk set aside a $1 sum from each fine or forfeiture for state law enforcement training purposes. Again, each of these deductions was increased to $2 beginning in 1981.
The net effect of Brevard County Ordinance No. 77-30, later No. 81-54, as it was implemented by the Clerk of the Court, was that four separate sums were deducted for law enforcement training from each fine and forfeiture assessed for a traffic violation within a city: $1 for the state *109 (now $2), $1 for the Sheriff's Department training fund (now $2), $1 for the municipal police department training fund (now $2), and $1 (now $2) for the Clerk's fee for a total deduction of $4 (now $8).
In contrast, where the identical traffic offenses were committed in an unincorporated area of the county, the Clerk deducted only a total of $3 under the 1977 county ordinance and $6 under the 1981 ordinance: $1 (now $2) for the state training fund, $1 (now $2) for the Sheriff's Department training fund, and $1 (now $2) for the Clerk's fee.
Thus, under the present statute and county ordinance, $8 is deducted by the Clerk for an offense committed within a city and $6 for the same offense in an unincorporated area of the county. After these deductions are made, the Clerk, under Sections 316.660 and 318.21, Florida Statutes, then returns the remaining balance of the fines or forfeitures to the general fund of either the city or the county, depending upon the geographical location of the violation in question. Assuming, then, that a fine is $25, for example, the city would get back $17 if the violation occurred within the city while the county would receive $19 if the violation occurred outside the municipality.
Because the Clerk's deduction procedure results in the fines and forfeitures returned to the cities being $2 less per fine than the balance returned to the county, even when the offenses are identical, the cities instituted this cause of action against Brevard County, the Clerk of the Brevard County Circuit Court R.C. Winstead, Jr., and Brevard County Sheriff Claude W. Miller. The gravamen of the cities' complaint was that the money which is being deducted for fines and forfeitures for offenses committed within the cities, and which is presently being applied to Sheriff's Department training, was money which should properly have been returned to the general fund of the cities as part of the fines or forfeitures returned under Sections 316.660 and 318.21, Florida Statutes. The declaratory relief sought under Count I of the Second Amended Complaint specifically sought a declaration of the cities' rights regarding the validity of Brevard County Ordinance 77-30 on its face, the validity of the Clerk's and Sheriff's procedure in implementing the ordinance, and the rights of all the parties in the cause to the $1 (now $2) fees deducted by the Clerk and paid to the Sheriff from fines and forfeitures for offenses and violations committed within the plaintiff cities. Count II of the Second Amended Complaint asserted an action for supplemental injunctive relief, temporarily and permanently enjoining the defendant Clerk from making further deductions of the $1 fee, restraining the defendant Sheriff from expending any monies from the subject training fund pending final judgment, and permanently enjoining the Clerk, Sheriff, and the county, to return to the plaintiff cities all funds improperly deducted for fine and forfeitures for offenses and violations in the plaintiff cities since August 16, 1977.
Since the commencement of this action with the filing of the original complaint in 1979, the Clerk of the Circuit Court has been holding in escrow the disputed Sheriff's training fund deductions from fines and forfeitures for offenses committed within the cities.
On July 8, 1983, the trial court rendered an order ruling in favor of the plaintiff cities. After discussing the historical development of Section 943.25, Florida Statutes, the court declared County Ordinance Nos. 77-30 and 81-54 invalid to the extent that they purport to authorize assessment of costs under former Section 943.25(5) and present Section 943.25(8)(a) for violations occurring in municipalities. The court also enjoined the further assessment of costs under Section 943.25(8)(a) for violations committed in municipalities and required that all monies collected and being held in escrow be disbursed to the respective municipalities entitled to them. This order was incorporated into a final judgment.
In determining that Brevard County Ordinance 77-30 and 81-54 were invalid "to the extent they purport to authorize assessment *110 of costs under former Section 943.25(5) and present Section 943.25(8)(a) for violations occurring in municipalities," the trial court took a detailed look at the history of Section 943.25(8)(a) and concluded:
To permit the County to deduct the $2.00 cost in question on violations committed in municipalities would create disparity between the jurisdictions based solely on the site of the violations. Neither a plain reading of the statute, or [sic] its statutory history, or [sic] logic, suggests such an intent on the part of the legislature.
Appellant Sheriff now contends that, first, the fact that a disparity was created between the amount of funds returned to the cities as opposed to the funds returned to the county from fines involving violations within the cities was not a significant factor when the legislature's focus was on providing as much police training as possible. Secondly, appellant argues that even if it could be said that the Brevard County ordinances penalize the cities for the benefit of the Sheriff's Department training fund, there is a rational basis for the disparity, namely that deputies serve throughout the county and the Sheriff's Department training benefits the cities through its many services and programs, e.g., service of process, court bailiffs, maintenance of jail, homicide investigations, SWAT teams, etc.
However, as is argued by the appellee, neither of these contentions addresses the issue. The fact that the legislative intent of the statute is to enhance police training does not mean that the legislature intended to create a disparity between counties and municipalities in what they are due back in funds from violations within the municipalities. Moreover, while it is true that the Sheriff's office provides various services which benefit the cities as well as the county, it is also true, as the Sheriff acknowledged in his testimony at trial, that the Sheriff's Department is funded through the Brevard County budget, which, in turn, is funded by taxes levied on citizens in both the cities and the unincorporated areas of the county. Thus, the county in essence is obtaining a double tax because, in addition to receiving funding from the Brevard County budget, the Sheriff's Department is also receiving the $2.00 per ticket from offenses within the city for its training fund.
Nevertheless, appellant contends that the subject county ordinance is valid under the "fairly debatable" test. That test provides that if the object of the ordinance is one about which reasonable men could find was fairly debatable as to reasonableness, then the ordinance will be upheld. Lester v. City of St. Petersburg, 183 So.2d 589, 591 (Fla. 2d DCA) appeal dismissed, 190 So.2d 307 (Fla. 1966). See also Hardage v. City of Jacksonville Beach, 399 So.2d 1077 (Fla. 1st DCA), pet. for rev. denied, 411 So.2d 382 (Fla. 1981).
However, these cases are inapposite to the instant case as the lower court did not hold the ordinances wholly or facially invalid. Rather, the court simply held that the ordinances were invalid to the extent that they were applied to violations which occur within municipalities. The validity of the ordinances for violations committed in the unincorporated areas of the county remains unattested. As a result, neither the "fairly debatable" test nor the cases cited by the appellant which follow that test are applicable sub judice. (Both Lester and Hardage deal with whether an ordinance is wholly invalid or an arbitrary and unreasonable exercise of a local government's police power. Sub judice, the issue before the lower court involved only the administrative application of Brevard County ordinances 77-30 and 81-54 to offenses committed within incorporated cities.)
The true issue here centers around the county's interpretation of Section 943.25, Florida Statutes, and its implementation of that interpretation through the subject county ordinances. Therefore, in order to determine if that interpretation was correct, as well as reasonable, the trial court looked to the history of Section 943.25, Florida Statutes to discover the intent behind it.
*111 In so doing, the court began with the statute's genesis in Chapter 69-111, Law of Florida. There, the legislature created and established a law enforcement training school, to be known as the Florida Police Academy. The funding for this school was provided for in what became Sections 23.103 and 23.105, Florida Statutes (1969). Section 23.103, Florida Statutes provided:
Every court created by the state constitution or by legislative acts shall assess $1.00 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance. In addition, $1.00 from every bond estreature or forfeited bail bond related to such penal statutes or penal ordinances shall be forwarded to the State Treasurer as hereinafter described.
Section 23.105, Florida Statutes stated:
Municipalities and counties may assess an additional $1.00, as aforesaid, for law enforcement education expenditures for their respective law enforcement officers.
In 1972, Florida courts were reorganized. The voters approved a new Article V of the Florida Constitution, effective January 1, 1973, which provided for the abolition of all municipal courts by January 3, 1977. Prior to this time Article V had provided for separate municipal courts and county courts, and Chapter 186 of the Florida Statutes (1969) provided for a model traffic ordinance which could be adopted by municipalities and expressly contemplated separate municipal courts. While the municipal courts were in existence, they handled all traffic tickets written by municipal police departments, and the county courts handled those traffic citations written by the county sheriff's department. Thus, prior or to 1972, Section 23.105 could only have been interpreted in one way, i.e., that the municipalities would get $1 from fines processed through the municipal courts and the counties would get $1 for fines processed through the county courts. Never would the county receive a dollar from any fines processed by the city courts.
Sections 23.103 and 23.105 remained unchanged until August 8, 1974, when the Department of Criminal Law Enforcement was created under Chapter 74-386, Laws of Florida (1974). At that time, Sections 23.103 and 23.105 were renumbered Section 943.25(3) and Section 943.25(5) respectively. While some changes were made in the wording of Section 943.25(3), no changes were made in the amount of costs deducted for law enforcement training in either of the statutory sections.
In January, 1977, the municipal courts ceased to exist and in August, 1977, Brevard County adopted Ordinance 77-30 implementing the $1 authorization of Section 943.25. Despite the abolition of the municipal courts and except for the change in the statute for $1 to $2, Section 943.25(8)(a), in substance, reads the same today as it did in 1969. To the trial court, sub judice, the fact that the subject statute remained unchanged was an "important consistency." It stated in its order incorporated into the final judgment:
Certainly in 1969, the statute could not be construed to permit a county to assess $1.00 costs on cases in municipal courts. If the legislature intended a contrary result after municipal courts were abolished, it has had many opportunities to amend the statute to clarify its intent. Instead it has left the wording as it was, in face of constitutional change. At the same time, the site of the violation has not been ignored since the legislature has provided for the monthly distribution to municipalities of fines and forfeitures from most Chapter 316 and 318 violations committed within a municipality. (§§ 316.660 and 318.21, Fla. Stat.).
As a result, it was the court's determination, that logically, the legislature intended no change in its program of cost assessment even though the municipal courts have been abolished. That is, it is proper for the county court to continue to collect a single local assessment of costs for citations written within a municipality and a single assessment for courts for citations written within the unincorporated county, *112 exactly as was done prior to the abolition of the municipal courts. To collect two assessments from municipal citations appears to be inconsistent with the legislative intent as it appears from the statutory history.
Appellant responds to this determination by arguing that 1) there is no reason why the original statute could not have been interpreted to allow a county to collect a dollar for every fine for its Sheriff's Department regardless of whether it was assessed in municipal court or county court; 2) the legislature had many opportunities to change Section 943.25, Florida Statutes from 1969 to 1977 to make it clear that counties could not collect a dollar amount for fines within municipalities but chose not to do so; 3) the fact that there were no longer municipal courts in 1977 should in no way change the assessment of costs to the cities. These arguments must fail inasmuch as while the original statute can be construed to allow the county to collect $1 from every fine and forfeiture for its Sheriff's Department regardless of whether it was assessed in municipal or county court, the fact is that, at the time, the municipal and county courts were separate jurisdictions and therefore such a statutory construction could never have been implemented. Moreover, simply because the legislature has had opportunities to clarify the statute does not mean that the statute was not intended to remain the same as before 1977. Finally, the abolition of municipal courts is the only reason why this appeal is here; if the municipal courts had remained intact, the county courts would never have had jurisdiction to take a dollar from fines in municipal courts.
As a result, based upon its legislative history, it appears that the trial court could only continue to give effect to the legislative intent as it existed at the time of the statute's origin. Moreover, the court's conclusion is the most reasonable under the circumstances. As the lower court stated in its order:
One of the abuses sought to be corrected by the abolition of municipal courts was reflected by the history of inconsistency of penalties imposed by the courts. Sec. 318.18, Fla. Stat., establishing civil penalties, demonstrates an effort to achieve consistency throughout the state with no distinction being made as to violations committed in or outside of a municipality. It would be illogical to think that the legislature sought to achieve consistency only among the violators.
Because it is well settled that when the meaning of a statute is at all doubtful, the law favors a rational, sensible construction, Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981); Realty Bond and Share Company v. Englar, 104 Fla. 329, 143 So. 152 (1932), and that courts are to avoid an interpretation of a statute which would produce an unreasonable consequence, Wakulla, the trial court's interpretation of the subject statute and its subsequent invalidation of the Brevard County ordinance as far as the assessment of multiple fines is concerned are affirmed.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 943.25(8)(a), Fla. Stat. (1981) reads:

Municipalities and counties may assess an additional $2, as aforesaid, for criminal justice education and training, including basic training expenditures for their respective law enforcement officers, part-time law enforcement officers, auxiliary law enforcement officers, correctional officers, and support personnel, provided that such education and training activities conform to the requirements of s. 943.14.