SHARP, Judge,
dissenting.
I would deny the writ because (in my view) the trial court properly interpreted the zoning statute.
The record discloses that the Vetter Isles Subdivision was platted and recorded in 1961. At the hearing before the County Commission, it was established that various capital improvements planned for the subdivision had not been finished, the roadway system was not completed, and the canals and retaining walls were deteriorating and in need of repair. On October 3, 1984, the County sent a notice of hearing to petitioners concerning its proposal to vacate that portion of the plat containing lots 8 through 37 and the two streets on which those lots face. At that time only three lots in the whole subdivision had been sold as “lots.” Another parcel had been sold to a utility as “Tract A” rather than as lots. After receiving the notice, petitioners conveyed five additional lots located in the area sought to be vacated to other persons.
At the County Commission hearing held on October 29, 1984, the attorney for petitioners freely admitted that after receiving notice of the County’s proposed action, petitioners ran out “and sold some lots.... so that we would exceed the 10% requirement of the statutes.” He argued that it made no difference when the petitioners sold the lots, so long as they were sold before the hearing on October 29.
*907 The issue in this case is whether or not the petitioners’ last minute sale of five lots deprived the County of its power and jurisdiction to vacate the plat of Vetter Isles regarding lots 8 through 37. The County acted pursuant to section 163.280(2) which provides:
The governing body may, on its own motion, order the vacation and reversion to acreage of all or any part of a subdivision within its jurisdiction, including the vacation of streets or other parcels of land dedicated for public purposes or any of such streets or other parcels, when:
(a) The plat of the subdivision was recorded as provided by law not less than 5 years before the date of such action; and
(b) In the subdivision or part thereof, not more than 10 percent of the total subdivision area has been sold as lots by the original subdivider or his successor in title.
Such action shall be based on a finding by the governing body ... that the proposed vacation and reversion to acreage of subdivided land conforms to the comprehensive plan of the area and that the public health, safety, economy, comfort, order, convenience, and welfare will be promoted thereby. Before acting on a proposal for vacation and reversion of subdivided land to acreage, the governing body or its accredited representative shall hold a public hearing thereon, with due public notice. (Emphasis supplied).
Prior to October 22, 1984, nineteen days after the Commission gave petitioners notice, less than ten percent of the lots in the subdivision had been sold as lots. After that date, more than ten percent of the total subdivided lots, which encompassed more than ten percent of the total platted area, were sold by the subdivider or its successor in interest.
The trial court construed section 163.280 to allow the vacation of a platted subdivision to proceed if less than ten percent of the lots were sold prior to the owner’s receiving notice from the county of its intent to vacate. Sales after that time would not operate to bar the county’s authority to proceed under the statute, provided the five-year recording period for the subdivision was also met. Thereafter, at the required public hearing, the commission must make the additional findings required by the statute, based on an adequate record. That these were properly made in this case is not seriously challenged by petitioners.
I think the trial court’s interpretation of the statute is a reasonable one, and it does not depart from the essential requirements of law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). Frequently the time of notice of proposed action given by zoning authorities to affected parties is used as the key time after which the owners and successors in title are bound by proposed zoning amendments or other actions. See Smith v. City of Clearwater, 383 So.2d 681, 688 (Fla. 2d DCA 1980), petition dismissed, 403 So.2d 407 (Fla.1981). Anyone purchasing the lots after the County’s notice of intent to vacate was published and sent to the record owners, should take subject to the knowledge the plat may be vacated. Nor should the owners be permitted to thwart the power of the Commission to vacate a subdivision by making last minute sales prior to the public hearing. That necessarily confounds the purpose and intent of the statute. Unreasonable interpretations of statutes should be avoided. Johnson v. Presbyterian Homes of the Synod of Florida, Inc., 239 So.2d 256 (Fla.1970); George v. State, 203 So.2d 173 (Fla.1967); Miller v. City of Indian Harbour Beach, 453 So.2d 107 (Fla. 5th DCA 1984).