PER CURIAM.
The appellant, Joyce A. Aultman, appeals an order placing her on community control and imposing certain costs as a condition thereof. We affirm the trial court’s adjudication of guilt as well as the sentence imposed. We find, however, that the trial court erred in assessing certain costs against the appellant and, accordingly, strike those costs.
Following a nonjury trial, the trial court found the appellant guilty as charged of second degree grand theft and sentenced her to two years of community control. Among the conditions of the appellant’s community control, the trial court orally announced that the appellant was to pay “$100 in costs of prosecution,” “$250 to the Court Improvement Fund,” and *392 “$125 in court costs.” The written order placing the appellant on community control and setting forth the conditions of community control failed to include the $125 in court costs. The trial court did not provide any statutory authority for its imposition of the various costs on this indigent defendant either in its oral pronouncement of the costs or in the written order. We do not consider that the court’s oral pronouncement provided adequate notice or opportunity to be heard, see Jenkins v. State, 444 So.2d 947 (Fla.1984), or even to object, when the pronouncement included no statutory authority for any of the three assessments. We, therefore, strike the costs without prejudice to the costs being reassessed after appropriate notice and hearing and the citation of proper statutory authority. See Allen v. State, 508 So.2d 360 (Fla.2d DCA 1987); Brown v. State, 506 So.2d 1068 (Fla.2d DCA 1987).
If the costs are reassessed, the trial court is cautioned that its written order must conform to its oral pronouncement. See Shaw v. State, 467 So.2d 1087 (Fla.2d DCA 1985).
The order placing the appellant on community control is affirmed in all other respects.
Affirmed in part, reversed in part.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.