SCHOONOVER, Acting Chief Judge.
The appellant, Jacqueline Yvette Wright, challenges an order denying her motion to suppress evidence. She also contends that the trial court’s order withholding adjudica-, tion and placing her on probation was erro-' neous. We find no error in the denial of the appellant’s motion to suppress evidence and, accordingly, affirm the trial court in that respect. We do, however, agree that the trial court erred in imposing certain costs and conditions of probation.
The appellant was charged with possession of cocaine and possession of controlled substance paraphernalia. After her motion to suppress evidence on the grounds of an illegal search and seizure was denied, she pled nolo contendere to these charges and reserved her right to appeal the search and seizure question. The trial court withheld adjudication of guilt and placed her on two years probation on the possession of cocaine charge and one year concurrent probation on the possession of paraphernalia charge. The appellant was also ordered to pay $238 in court costs and $250 to the court improvement fund. The back of the order placing her on probation contained ten special conditions of probation. This timely appeal followed.
As mentioned above, we find no error in the trial court’s denial of the appellant’s motion to suppress. We agree, however, that the trial court erred at the time the appellant was placed on probation. The costs were imposed against the appellant without prior notice, and the record does not reflect proper statutory authority for their assessment. See Jenkins v. State, 444 So.2d 947 (Fla.1984); Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla.1987). We, accordingly, strike the cost assessments without prejudice to the state seeking to have them reimposed after complying with the requirements of due process. See Jenkins; Brown.
We also agree that the trial court’s ten special conditions of probation were improperly imposed. See Bentley v. State, 411 So.2d 1361, 1365-1366 (Fla. 5th DCA), review denied, 419 So.2d 1195 (Fla.1982). We, accordingly, strike the ten special conditions listed on the back of the probation order. If the appellant’s probation order is subsequently modified pursuant to section 948.03(4), Florida Statutes (1987), and additional conditions of probation are added, we remind the trial court that a condition of probation is invalid unless it is reasonably related to the offense committed and the rehabilitation of the defendant. Grubbs v. State, 373 So.2d 905 (Fla.1979).
AFFIRMED AS MODIFIED.
FRANK and HALL, JJ., concur.