596 So.2d 486 (1992)
Gary Lynn ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-03397.
District Court of Appeal of Florida, Second District.
March 25, 1992.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In this appeal from a grand theft conviction pursuant to a guilty plea, appellant raises two points relating to sentencing. The first point raises the validity of various conditions related to appellant's community control sentence. These conditions were that appellant visit no bars, not use intoxicants to excess or visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used, and participate in self-improvement programs. These conditions were not orally pronounced and must therefore be stricken. Labar v. State, 584 So.2d 37 (Fla. 2d DCA 1991).
*487 Appellant's second point concerns the validity of various costs assessed against him. Appellant agreed to pay $250 to the Court Improvement Fund, but the amount actually assessed was $265. We strike the amount by which the amount actually assessed exceeds the agreed-to amount. However, we reject appellant's argument that there is no authority to assess a fine for the Court Improvement Fund, where there is notice. See Wright v. State, 531 So.2d 221 (Fla. 2d DCA 1988). Because appellant affirmatively agreed to the imposition of this fine when he entered his guilty plea, appellant waived any notice claim. The same rationale applies to uphold the $150 cost of prosecution imposed. The $2.00 assessment pursuant to section 943.25(8), Florida Statutes (1991), and the $3.00 assessment pursuant to section 943.25(4), Florida Statutes (1991), are stricken as not authorized by those statutes. See Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991).
Reversed in part and remanded.
DANAHY, A.C.J., and PARKER and PATTERSON, JJ., concur.