595 So.2d 583 (1992)
Henry ALFONSO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00221.
District Court of Appeal of Florida, Second District.
March 25, 1992.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In this appeal from a judgment and sentence pursuant to a no contest plea, appellant's counsel raises two sentencing points.
Appellant first contends that eight conditions of his probation order should be stricken because they were not orally announced. Several of these were standard conditions, provided for in section 948.03, Florida Statutes (1991), and, thus, need not be orally pronounced. However, special conditions 6, 11, 21, and 22 are either unauthorized or may be authorized only if orally imposed and must, therefore, be stricken.
Various court costs were also imposed against appellant. As in Siplin v. State, 584 So.2d 599 (Fla.2d DCA 1991), we strike costs imposed pursuant to two statutes printed on the final judgment, sections 943.25(4) and 943.25(8), Florida Statutes (1989), as these statutes are apparently misprinted and do not authorize imposition of costs. We also strike the costs assessed for the Court Improvement Fund and the County Drug Abuse Trust Fund as they are not statutorily mandated and may not be imposed without notice and an opportunity to be heard. The state may seek to *584 reimpose these costs after proper notice and opportunity to be heard.
Reversed in part and remanded.
DANAHY, A.C.J., and PARKER and PATTERSON, JJ., concur.