608 So.2d 557 (1992)
David Merle KNAUS and Barcley Kirkwood Ryder, Appellants,
v.
STATE of Florida, Appellee.
No. 92-00426.
District Court of Appeal of Florida, Second District.
November 18, 1992.
*558 Jack McGill of Law Offices of R. Jackson McGill, P.A., Venice, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Chief Judge.
Defendants were found guilty of multiple counts of grand theft and misdemeanor misuse of construction funds and were then placed on probation after adjudication of guilt and sentencing were withheld. They appeal the orders imposing restitution and costs of prosecution.
We affirm the orders of restitution. No evidence established the absence of sufficient "present and potential future ... earning abilit[ies]." See § 775.089(6), Fla. Stat. (1991).
However, we reverse the orders imposing costs of prosecution. We do not agree with defendants' arguments that the evidence was insufficient to establish the amount of such costs. However, adjudication of guilt and sentencing were withheld, therefore neither defendant was a "convicted person" within the meaning of section 939.01(1), Florida Statutes (1991), which authorizes the imposition of such costs. See Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988). Nonetheless, the trial court may upon remand impose costs of prosecution as a term or condition of probation. Id.
Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
RYDER and FRANK, JJ., concur.