611 So.2d 91 (1992)
Ronald David REBER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01981.
District Court of Appeal of Florida, Second District.
December 30, 1992.
Raymond E. LaPorte, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Ronald David Reber challenges the convictions and sentences entered for delivery of cannabis and possession of cannabis. We do not agree with Reber's argument concerning the sufficiency of the evidence. However, we agree and the state concedes that the written order of judgment and sentence varied from the court's oral pronouncement and reverse for correction of the scrivener's error.
The written judgment states that Reber entered a plea of guilty but, in fact, he waived his right to a jury trial and was found guilty after a bench trial. The written judgment also states that he was adjudicated guilty of Count II, possession of cannabis, a third degree felony. The judge orally pronounced that Reber was guilty of misdemeanor possession of cannabis because the evidence showed possession of only 2.1 grams, not more than twenty grams, as charged. The written judgment and sentence should not vary from the oral pronouncements. Hinkle v. State, 480 So.2d 206 (Fla. 2d DCA 1985). We therefore remand this case to the trial court for entry of a corrected judgment.
*92 The written judgment lists $400.00 in costs, including a $100.00 fee for the court improvement fund. But the judge's oral pronouncement assessed $300.00 in costs, not including the $100.00 for the court improvement fund. The assessment for the court improvement fund is not statutorily mandated. See Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991). We therefore strike the court improvement fund assessment. The state may seek to reimpose the cost after proper notice and the opportunity to be heard.
We affirm the conviction and sentences and remand for correction of the written judgment.
Affirmed in part, reversed in part and remanded.
LEHAN, C.J., and HALL, J., concur.