646 So.2d 745 (1994)
Joseph AVALLONE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-111.
District Court of Appeal of Florida, Fifth District.
July 22, 1994.
Rehearing Denied December 29, 1994.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
No appearance for appellee.
GRIFFIN, Judge.
This is yet another case requiring reversal because of errors in the increasingly byzantine complex of cost assessments.
As a special condition of community control, the trial court ordered Avallone to pay a $24 deposit to First Step of Volusia County. This court has recently held that such orders should be stricken unless the trial court cites supporting statutory authority, Eckenrode v. State, 638 So.2d 214 (Fla. 5th DCA 1994); Gedeon v. State, 636 So.2d 178 (Fla. 5th DCA 1994).
Also, the trial court entered two cost orders pursuant to section 27.3455(1), Florida Statutes (1993), one for each count. That was error. Hollingsworth v. State, 632 So.2d 176 (Fla. 5th DCA 1994).
Finally, the court order for Count II assesses "$10.00 pursuant to Volusia County Fee E75-52 and E75-44." This $10 appears to be part of the $115 in court costs assessed as a special condition of probation in Count II. The trial court did not cite any statutory authority for its imposition nor was there notice and opportunity to be heard. Botts v. State, 634 So.2d 197 (Fla. 5th DCA 1994); Alfonso v. State, 595 So.2d 583 (Fla. 2d DCA 1992). This court has determined to strike such assessments unless the trial court cites supporting statutory authority. See Gedeon. See Also Fla.R.Crim.P. 3.986(c).
JUDGMENT AFFIRMED; SENTENCE VACATED WITH INSTRUCTIONS TO ENTER AMENDED COST ORDER.
HARRIS, C.J., and DIAMANTIS, J., concur.