655 So.2d 111 (1995)
Abel Oliveros REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03336.
District Court of Appeal of Florida, Second District.
February 15, 1995.
Rehearing, Clarification or Certification Denied March 27, 1995.
*113 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
Mark A. Petche, Circuit Court Counsel, Tampa, on behalf of amicus curiae Chief Judge of the Thirteenth Judicial Circuit.
Donald Miller, Asst. County Atty., Tampa, on behalf of amicus curiae Hillsborough County.
EN BANC
ALTENBERND, Judge.
Abel Oliveros Reyes pleaded no contest to possession of cannabis. The trial court withheld adjudication and placed him on probation for five years. Mr. Reyes appeals the demal of his dispositive motion to suppress evidence and the imposition of certain conditions of probation and court costs. We affirm the denial of the motion to suppress evidence. We further affirm condition 12 of Mr. Reyes' written probation order because that condition is statutorily mandated, § 948.03(1)(i), Fla. Stat. (1991), and is reasonably related to his rehabilitation. We strike special conditions of probation numbers 4 and 10, and that portion of condition 6 that prohibits the use of alcohol to excess, because they are not statutorily mandated and were not orally pronounced at sentencing. See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994); Labar v. State, 584 So.2d 37 (Fla. 2d DCA 1991). Although Mr. Reyes contends that the trial court erred in requiring him to obtain a high school diploma as a special condition of probation, our review of the sentencing transcript and the written order of probation reveals that no such condition was imposed.
The court granted rehearing en banc in this case because the panel opinion had implicitly approved an oral lump sum imposition of costs on the same day that such a procedure was disapproved by a different panel in Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Upon careful review of the costs assessed in this case, we have determined that this lump sum approach to costs does not allow for proper assessment of discretionary costs and presents serious difficulties for the clerks of court. For practical as well as legal *114 reasons, the requirements described in Sutton are essential to the proper imposition of costs.
So long as the statutes establish a complex system of mandatory and discretionary costs, coupled with fines and restitution to various victims, all discretionary costs must be individually announced by the trial judge at sentencing to give the defendant an opportunity to object to the specific imposition. Written cost orders must assess both mandatory and discretionary costs with adequate disclosure of the statutory authority supporting the assessment so that the defendant, the appellate court, and those responsible for collecting and remitting payments of costs and restitution will be able to identify the basis for the assessment.
We renew en banc our holding that costs of prosecution under section 939.01, Florida Statutes (1991), must be expressly requested by a specific agency with adequate supporting documentation. Sutton, 635 So.2d 1032; Tennie v. State, 593 So.2d 1199 (Fla. 2d DCA 1992). An award of such prosecutorial costs must be a case-specific decision that is announced by the trial judge on the record after consideration of the factors contained in the statute. Trial courts have no statutory authority to assess standard amounts as costs of prosecution to unspecified agencies without any record request, documentation, or hearing.
We further hold that there is no legal basis for the assessment of amounts payable to the Hillsborough County Court Improvement Fund. Although that fund undoubtedly serves a useful public purpose, costs must be authorized by a state statute, not by a county ordinance. No statute appears to authorize an assessment to this fund as either a cost or fine.
Finally, we hold that there is a legal basis for assessments to the Hillsborough County Drug Fund in cases involving drug offenses. Future cost orders, however, must describe this fund with reference to the statute and ordinance supporting its existence.
Accordingly, we strike the costs imposed in this case, with the exception of the $100 to the drug fund. On remand, the state may seek to reimpose appropriate costs.

I. THE COSTS IMPOSED IN THIS CASE AND IN SUTTON

Mr. Reyes and Mr. Sutton had virtually identical sentencing hearings on similar drug offenses. Both defendants entered open pleas in 1992 before the same circuit court judge. Their adjudications were withheld and they were placed on probation. In each case, the trial court orally announced that the defendant would be obligated to pay $600 as "court costs," and $100 to the Hillsborough County Drug "Education" Trust Fund. In Sutton, the costs were expressly described as a special condition of probation, while in this case that status was implied but never expressly stated. Neither defendant objected in the trial court to the lump sum imposition of costs, and neither requested an itemization of these costs.
In both cases, the trial court entered a form order of probation that has been used frequently in the Thirteenth Judicial Circuit, but which varies somewhat from the form in Florida Rule of Criminal Procedure 3.986(e). Significantly, the local form does not contain a delineation of charges/costs/fees comparable to the form in the present version of rule 3.986(c). In Mr. Reyes' case, the form reflected $235 in "court costs," $250 for the court improvement fund, $115 as cost of prosecution, and $100 for the "Hillsborough County Drug Fund." Mr. Sutton's order is identical, except the court costs are $240, and the cost of prosecution is $110. Neither order contains references to any statutory authority for these assessments. Neither record contains any written or oral request for specific costs of prosecution by any agency entitled to such costs, nor any documentary support for such an award.

II. THE LEGAL AND PRACTICAL REASONS FOR ITEMIZED COST ORDERS
All costs, whether mandatory or discretionary, must be authorized by statute. "It is well settled that independently of special statutory authorization, the court has no power to award costs against a defendant on *115 conviction." Lindsey v. Dykes, 129 Fla. 65, 67, 175 So. 792, 793 (1937). Thus, it is not the judiciary's role to establish categories of taxable costs, but merely to impose those costs that the legislature has approved for use either in all cases or in selected cases.
In a simpler world, a legislature might impose a single mandatory cost that would be assessed in all cases, collected by the clerk of the court from every criminal defendant, and remitted immediately to the state treasurer. But we do not live in simple times. The costs of crime are high, and they are spread among many governmental agencies and many private victims. Some crimes have special victims or warrant special crime prevention efforts. Most criminal defendants are not wealthy. In response, the legislature has increasingly enacted more complex cost statutes, created more crime-related trust funds, and given broader restitution rights to more citizens.[1]
Anyone involved in the process of imposing and collecting costs and restitution should understand that an order imposing these items is only the first step, albeit a vital step, in a complicated economic reimbursement system. After a judge imposes $700 in total costs and restitution, it is unlikely that the costs will be paid in full immediately. Indeed, it is altogether possible that the costs will never be entirely paid.[2] The payments must be remitted to different governmental entities and to private victims.[3] Similar to a bankruptcy proceeding, some costs are given priority and others must wait in line.[4] Thus, the process of accurately collecting cost payments, remitting to the proper party in the proper amount, and maintaining accurate accounting records is no small task for the clerk of court and other parties involved in this process.
If the trial court does not adequately consider these complications at the inception of this process by conducting a thorough hearing on discretionary costs and by preparing an order accurately identifying each cost item, the whole process breaks down and ceases to have accountability. This problem has caused this court to insist that trial courts provide the statutory basis for every cost item imposed. Sutton, 635 So.2d 1032. This problem of accountability can be greatly alleviated by using the form prescribed in rule 3.986(c).
It is not uncommon for a criminal defendant to have caused injury that far exceeds his or her ability to pay. This is not a problem that should invoke much sympathy for the defendant. On the other hand, an order that imposes costs and restitution well beyond the defendant's ability to pay may have two undesirable results. First, a discretionary cost may have statutory priority *116 over a victim's opportunity to collect restitution.[5] Second, an overwhelming burden of costs and restitution may directly or indirectly cause a defendant on probation to commit acts that result in a violation of probation. If there is actually a chance that a defendant can be rehabilitated through probation, then there is reason for society to forgive some costs. These policy concerns have caused the legislature to enact many discretionary costs that can only be imposed after case-specific consideration. Accordingly, this court has insisted that trial courts orally announce discretionary costs at sentencing hearings not only to avoid possible problems with due process, but also for other valid policy reasons.

III. IDENTIFYING MANDATORY AND DISCRETIONARY COSTS
Statutory costs that are truly "mandatory" must be imposed in every judgment against every defendant convicted of a similar offense. The trial judge has no discretion to dispense with these costs, and the defendant's circumstances and his or her ability to pay are not relevant to the decision. Publication of these costs in the Florida Statutes provides every defendant with adequate notice. State v. Beasley, 580 So.2d 139 (Fla. 1991). The trial court is not obligated to announce orally the dollar amount of these costs or to separately identify the legal basis for these costs at the sentencing hearing. It is the better practice for the trial court to orally announce that it is imposing "all mandatory costs," even though technically a defendant is on notice that all applicable mandatory costs will be imposed by virtue of the rendition of judgment and the pronouncement of sentence. See Fla.R.Crim.P. 3.670, .700(b). This practice provides the defendant with a clear opportunity at sentencing to object in open court to any mandatory costs. The clerk of circuit court should be able to determine the dollar amount of all mandatory costs from the face of the judgment, and should be able to remit collected costs to the proper accounts without any additional guidance from the trial court.
Statutory costs that are "discretionary" are costs that the trial court may decide to impose or not to impose, depending upon the defendant's ability to pay and other circumstances involved in the case. The statutes place the defendant on notice that these costs are a possibility, but not a certainty. As such, the trial court must give the defendant notice of these costs at sentencing. Discretionary costs must be individually announced in a manner sufficient for the defendant to know the legal basis for the cost imposed. If the statute does not specify a dollar amount for the discretionary cost, the trial court must make certain that the defendant is on notice of the dollar amount assessed.[6] The defendant must have an opportunity in open court to object to the imposition of these discretionary costs. If these costs are not separately identified in the cost order, the clerk of court cannot determine where to deposit payments as they are collected.
The different procedures for mandatory and discretionary costs make it vital for all judges and attorneys to know which costs are which. The statutes do not expressly state that a cost is one or the other, and some costs might arguably fit within one category or the other. The standard cost order in rule 3.986(c) does not distinguish a discretionary cost from a mandatory cost. To avoid confusion, we announce *117 the appropriate categories for costs commonly imposed in a typical criminal proceeding.[7]
Mandatory Costs
 § 27.3455(1), Fla. Stat. (1991).
This cost is for deposit in the local government criminal justice trust fund. The amount between $50 and $200, depending upon the offense level, must be imposed in every case. In this case, the mandatory amount is $200.
 § 960.20, Fla. Stat. (1991).
This cost is deposited in the Crimes Compensation Trust Fund. Originally, this statute required a $10 cost, and the amount has increased to $50. The statute applicable to this case required a $20 assessment. These costs were mandatory in every judgment in 1992, but the statute was amended in 1994 to provide that the "costs are considered assessed unless specifically waived by the court." § 960.20, Fla. Stat. (Supp. 1994). Thus, this cost is still mandatory, but the defendant may object to its imposition and request an express waiver on the record.
 § 943.25(3), Fla. Stat. (1991).
A cost of $3 is mandatory for the Criminal Justice Trust Fund unless certain civil penalties provided in section 318.18, relating to traffic infractions, are imposed. This rare exception does not prevent this cost from being mandatory in circuit court.
 § 960.25, Fla. Stat. (1991); see also § 775.0835(2), Fla. Stat. (1991).
This 5% surcharge on fines is included in the standard sentencing form found in rule 3.986(d). Under Beasley, it is treated as a mandatory cost because it flows automatically from the assessment of the fine. 580 So.2d at 143.
Discretionary Costs
 § 943.25(13), Fla. Stat. (1991).
A cost of $2 "may" be assessed by a municipality or a county for criminal justice education programs and training courses. This cost item depends upon a local decision to implement the program. The statute is unusual in that it purports to authorize a local government, not a court, to assess a cost. Because the statute is permissive, does not mandate action by the court, and is dependent upon the locality of the offense, this item must be treated as a discretionary cost. Watson v. State, 647 So.2d 245 (Fla. 2d DCA 1994).
 § 775.0835(1) Fla. Stat. (1991).
This fine is deposited into the Crimes Compensation Trust Fund. It is dependent upon the defendant's ability to pay and other factors and cannot exceed $10,000. Whether regarded as a true fine or a cost, it can only be imposed upon proper notice and announcement of the statutorily required findings. See Beasley.

 § 939.01, Fla. Stat. (1991).
The costs of prosecution are discretionary, as discussed in section IV of this opinion.
 § 27.56, Fla. Stat. (1991).
The public defender fees may be taxable as a cost. These costs are case-specific and require compliance with the notice procedures for discretionary costs. Farmer v. State, 617 So.2d 447 (Fla. 2d DCA 1993).
 § 893.13(4), .16, .165, Fla. Stat. (1991).
As discussed in section VI of this opinion, the trial court is authorized to impose costs for certain drug treatment and education funds in cases involving offenses under chapter 893 and related statutes. Section 893.13(4) states that the court "may" assess these costs. The costs are directed to at least two different trust funds in subsection 893.13(4)(a) and 893.13(4)(b). The trial court has discretion to determine the amount of *118 such costs. These costs must be imposed under the procedures applicable for discretionary costs.
Mandatory/Discretionary Depending on the Elements of the Offense
 § 939.015, Fla. Stat. (1991).
This cost item, for deposit in the Handicapped and Elderly Security Assistance Trust Fund at the time of Mr. Reyes' offense and now for deposit in the General Revenue Fund, see § 939.015, Fla. Stat. (1993), depends upon the status of the victim as either handicapped or elderly. In Sutton, we suggested that this cost was mandatory. If the status of the victim is a necessary element of the offense, that is legally correct. In most cases, however, this special status is not an element of the offense. As a result, the trial court will need to make a case-specific determination that this cost can be imposed, and must give the defendant an opportunity to object.
 § 775.0836, Fla. Stat. (1991).
This 10% surcharge also applies in cases in which the victim is handicapped or elderly. At the time of Mr. Reyes' offense, the surcharge was deposited into the Handicapped and Elderly Assistance Trust Fund. Now it is deposited in the General Revenue Fund. § 775.0836, Fla. Stat. (1993). It can only be imposed by a circuit court sitting in a county "containing" a housing project. As with section 939.015, there may be occasions when this surcharge could be treated as a mandatory cost, but normally it must be imposed as a discretionary cost.
 § 939.017, Fla. Stat. (1991).
This statute authorizes costs for misdemeanor convictions involving drugs or alcohol. In the event that a county commission has adopted an ordinance which requires the collection of this cost, a circuit court judge must impose a $15 cost, deposited to the credit of HRS for use in local substance abuse treatment programs. This cost applies to any misdemeanor in which the use of drugs or alcohol "is involved." In Sutton, we suggested that this cost was mandatory. If the misdemeanor involves drugs or alcohol as an essential element of the offense, i.e., minor marijuana offenses or possession of drug paraphernalia, this cost can be treated as a mandatory cost. However, if it is imposed for a misdemeanor involving drugs or alcohol other than as an essential element of the crime, it must be imposed as a discretionary cost.
It is possible that this list is not complete. Locating cost statutes is a challenge. This list should demonstrate why at least one court has described the cost system as "byzantine." Avallone v. State, 646 So.2d 745 (Fla. 5th DCA 1994).
When trying to pair the above-described statutes with the costs imposed in this case, one cannot logically arrive at the $235 assessment of court costs in Mr. Reyes' written judgment. He was obligated to pay $200 under section 27.3455, $20 under section 960.20, and $3 under section 943.25(3). His drug offense is a felony so section 939.017 does not apply. There is a $12 cost assessment in this case that, if we were the clerk of court, we would not know where to deposit the funds if paid, nor would we know how to account for these costs. Accordingly, there is no method we can divine to affirm such lump sum awards that do not equal the mandatory costs which could be assessed without any announcement of the dollar amount.

IV. THE COSTS OF PROSECUTION
The $115 for costs of prosecution must be stricken in this case for many reasons.
At the outset, we note that Mr. Reyes has not been convicted of any offense in this case. His adjudication was withheld. Accordingly, costs of prosecution cannot be imposed directly under section 939.01 because that section only authorizes costs upon conviction. Knaus v. State, 608 So.2d 557 (Fla. 2d DCA 1992); Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988). Nevertheless, a trial court may impose comparable costs as a special condition of probation under section 948.03(5), Florida Statutes (1991). Knaus, 608 So.2d at 558; Clinger, 533 So.2d at 316. A special condition of probation, however, must be orally announced at sentencing. *119 Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992). This special condition was never mentioned at sentencing.
Arguably, we could permit the costs of prosecution to be imposed as a condition of probation in cases in which conviction is withheld under less stringent procedures than those required by section 939.01. It seems advisable, however, to create a uniform procedure for the assessment of such costs. In order to review the trial court's discretion in this area and to prevent these costs from being perceived as an extra charge for the privilege of probation on a withheld sentence, we hold that such a condition of probation must be imposed with the same procedures used to impose the costs of prosecution against convicted defendants.
Under section 939.01(1), "in all criminal cases the costs of prosecution, including investigative costs incurred by law enforcement agencies, and by fire departments for arson investigations, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person." (Emphasis added.) We interpret this statute to require an express request for any such cost of prosecution by any agency, including a state attorney. Sutton, 635 So.2d at 1033; Tennie, 593 So.2d 1199.[8] Accordingly, the trial court erred in this case by awarding costs of prosecution without any request by the state attorney or another agency. On remand, an appropriate agency may seek costs if it complies with the procedures described in section 939.01, Florida Statutes (1991).
Although it may be sufficient for an agency to orally request such costs at the sentencing hearing, we strongly encourage a written request because each item of cost must be "documented" and the trial court is obligated to explain its denial of these costs on the record. § 939.01(2). Moreover, the court is obligated to consider the defendant's financial resources and other factors in making the decision to assess these costs. § 939.01(5); Sutton, 635 So.2d at 1033; Blanco-Diaz v. State, 618 So.2d 370 (Fla. 3d DCA 1993).[9] Finally, the costs, when collected, must be properly dispersed to the appropriate agency. § 939.01(8)-(9), Fla. Stat. (1991). See also § 939.01(10), Fla. Stat. (1993) (added by chapter 92-300, Laws of Florida, and providing a procedure for collection of costs by state attorneys). These procedures would be greatly facilitated by a written request from each agency.[10]
We remind the trial courts that the written order on costs must contain an appropriate citation to the statute. The standard form in the Florida Rule of Criminal Procedure 3.986(c) contains a specific reference to section 939.01. To avoid confusion, we hold that a reference to section 939.01 is sufficient even when the costs are technically imposed as a condition of probation in a case in which adjudication has been withheld. Cf. § 939.01(4), Fla. Stat. (1991) (costs under this section "shall be" a condition of probation or community control).

V. THE HILLSBOROUGH COUNTY COURT IMPROVEMENT FUND
During the last decade, this court has repeatedly struck assessments to the Hillsborough County Court Improvement Fund because this discretionary cost item was not orally announced and was not supported by a citation to a statute authorizing the assessment. Allen v. State, 508 So.2d 360 *120 (Fla. 1987).[11] In one case, we described the assessment as a "fine" and suggested that it could be imposed upon proper notice. Arnold v. State, 596 So.2d 486 (Fla. 2d DCA 1992). While the concept of this fund is merit-worthy, we reluctantly recede from Arnold and hold that an assessment to this fund is not authorized under any existing statute either as a fine or as a cost. Accordingly, we strike this assessment and prohibit its reassessment on remand.
The Hillsborough County Court Improvement Fund was created in 1982 by Ordinance 82-7. The Ordinance was adopted in conjunction with Administrative Order 82-15A of the Chief Judge of the Thirteenth Judicial Circuit, which established the fund "pursuant to Chapter 28.241, Florida Statutes," and ordered the local judges to assess a minimum cost of $15 for all nonindigent defendants who pleaded guilty, nolo contendere, or who were found guilty. In 1986, the Hillsborough County Commission revised this fund and purported to give the judges in the Thirteenth Judicial Circuit, which only consists of Hillsborough County, the authority to impose a court cost of "not less than [$15] nor more than [$500] in excess of those charges specified by law." No guidelines were established to determine who was assessed the minimum or the maximum amount.
None of the parties seriously argues that this assessment can be categorized as a fine. A board of county commissioners has certain limited powers to enact ordinances, the violation of which can subject a defendant to a fine. § 125.01(1)(t), Fla. Stat. (1991). See Thomas v. State, 614 So.2d 468 (Fla. 1993); Miller v. City of Indian Harbour Beach, 453 So.2d 107 (Fla. 5th DCA 1984). Every county also has a fine and forfeiture fund. See generally ch. 142, Fla. Stat. (1991). But we can locate no statutory basis for a county to establish an additional local fine for violation of a state statute. Thus, if this assessment is valid, it must be authorized as a cost.
Hillsborough County and the Thirteenth Judicial Circuit, as amici in this case, strenuously argue that the assessment to the court improvement fund is authorized by section 28.241(2), Florida Statutes (1991). That statute states:
The clerk of the circuit court of any county in the state who operates his office from fees and service charges collected, as opposed to budgeted allocations from county general revenue, shall be paid by the county as service charges for all services to be performed by him in any criminal or juvenile action or proceeding in such court, in lieu of all other service charges heretofore charged, except as hereinafter provided, the sum of $40 for each defendant or juvenile. However, in cases involving capital punishment the charge shall be $50. In any county where a law creates a law library fund or other special fund, this charge may be increased for that purpose by a special or local law or an ordinance. The sum of all service charges and fees permitted under this subsection may not exceed $200.
Even if we were to accept this argument, it is obvious that the $250 assessment in this case would exceed the maximum allowed by statute by $50. More important, section 28.241(2) establishes a financial arrangement between a county and its clerk of circuit court. The county, not the defendant, pays the service charge. The county pays this service charge for every criminal filing, even if the state attorney is unable to obtain a negotiated plea or a conviction. This statute neither directly nor impliedly authorizes the county to seek reimbursement of these payments from some or all of the defendants charged. There is no precedent in which this statute has been held to authorize an assessment of costs, and the parties have not demonstrated *121 that any other locality has attempted a similar fund on this basis. Section 28.241 does not authorize the assessment of $250 in this case.
Because Mr. Reyes was placed on probation, we have considered whether this assessment could be authorized as a special condition of probation relating to his rehabilitation. See Knaus, 608 So.2d 557; Clinger, 533 So.2d 315. We conclude that section 948.03(5) cannot be read so liberally as to permit this kind of local assessment. As explained in section IV of this opinion, we have employed a similar interpretation of section 948.03(5) to permit the assessment of costs of prosecution in cases in which adjudication is withheld. In that circumstance, however, convicted defendants and defendants on probation under a withheld adjudication receive equal treatment. If we permitted this assessment only in cases involving a withheld adjudication, the assessment would clearly have the appearance of a local excise for favorable treatment within the state criminal justice system. There can be no valid reason to promote such a negative perception of the criminal justice system.
Finally, we have considered whether the assessment could be treated as a form of public service under section 775.091, Florida Statutes (1991). The trial court ordered Mr. Reyes to spend 200 hours in community service. He has not challenged that condition of his probation. Arguably, if the court has the power to order Mr. Reyes to spend 200 hours painting a courtroom as community service, see § 948.031, Fla. Stat. (1991), it possibly has the authority to charge him $250 to have a professional painter do the work for him. As tempting as this argument may be, we reject it. We have not allowed public service to be used in lieu of a fine. State v. Muoio, 438 So.2d 160 (Fla. 2d DCA 1983). Nothing in the statutes suggests that monetary assessments may be imposed in lieu of community service. There is something intuitively good about requiring a criminal to return a little sweat equity to the citizens of Florida. Substituting lucre for labor would destroy these intuitive qualities of public service and would create the perception of a "rich" person's loophole in the program of public service.
We recognize that the Hillsborough County Court Improvement Fund has been a valuable source of needed revenue for the local criminal justice system. As demonstrated in section III of this opinion, however, the legislature has already created many similar requirements. Indeed, the costs assessed under section 27.3455 in this case for the local government criminal justice trust fund nearly duplicate the costs imposed for the local court improvement fund. If Hillsborough County wishes to create such a court improvement program, it will need the authorization of the legislature.

VI. THE HILLSBOROUGH COUNTY DRUG ABUSE TRUST FUND
This fund stands on better footing than does the court improvement fund. Section 893.13(4)(a), Florida Statutes (1991), authorizes the trial court to impose an additional assessment up to the amount of the relevant fine in a drug case. This amount is deposited for the purpose of providing grants for drug abuse treatment or drug education programs. Section 893.165 allows these funds to be distributed to a county drug abuse trust fund. Hillsborough County Ordinance 88-52 established a "drug abuse trust fund." Despite the discrepancy between the oral description of this fund at sentencing and its description in the order, it is clear that the trial court intended to assess costs for this statutorily authorized fund. The amount of this assessment was legal and the trial court separately announced this discretionary cost at sentencing. The defendant did not object to this cost when given the opportunity.
Unfortunately, the local form cost order used in this case does not contain a statutory citation for this cost. We note that the form cost order in rule 3.986(c) also has no standardized language for assessments under section 893.13(4)(a). The purpose for the statutory citation is to allow the defendant, the appellate court, and the clerk of court to know the precise nature of the assessment. We conclude that the reference to the "Hillsborough County Drug Fund" is a sufficient description to adequately substitute for a statutory citation in this case. Accordingly, *122 we do not strike this cost item. However, we direct the Thirteenth Judicial Circuit to take steps to include a reference to both section 893.165 and ordinance 88-52 in future cost orders.

VII. CONCLUSION
We are fully aware that the process of sentencing upon a plea has become increasingly complex and time-consuming for trial judges in light of the requirements in Koenig v. State, 597 So.2d 256 (Fla. 1992); Olvey, 609 So.2d 640, and Sutton, 635 So.2d 1032. The complexity will probably increase with the new statutory emphasis on civil restitution and incarceration costs. See § 960.29-.297, Fla. Stat. (Supp. 1994). We empathize with trial judges who are constantly pressured by their crowded dockets to find shortcuts to these repetitive, and sometimes monotonous, procedures. We encourage the trial bench, as a group, to search for workable solutions to streamline the sentencing process while fulfilling the many mandates and requirements of state law.
FRANK, C.J., and RYDER, DANAHY, CAMPBELL, SCHOONOVER, THREADGILL, PARKER, PATTERSON, BLUE, LAZZARA and FULMER, JJ., concur.
NOTES
[1] The legislative history of the statutes described in section III of this opinion demonstrates this evolution. Chapter 960, for example, did not exist until 1977. Ch. 77-452, Laws of Fla. It has been amended and expanded repeatedly in the last eighteen years.
[2] A 1992 study found that 23% of defendants paid only a portion of their assessment. Performance Audit of the Distribution of Monies Collected From Criminal Fines and Fees, Report No. 11823, Office of the Auditor General, State of Florida (March 25, 1992).
[3] For example, the mandatory costs collected pursuant to section 27.3455, Florida Statutes (1991), are paid into a special county trust fund, except for a small service charge retained by the clerk. The mandatory cost collected pursuant to section 960.20 goes to the Crimes Compensation Trust Fund. The discretionary costs collected under section 893.13(4) go to numerous county trust funds and to the Operating Trust Fund of the Department of Law Enforcement. Several other cost items are paid into the General Revenue Fund. Fines collected by a clerk under state penal laws are deposited in a "fine and forfeiture fund" of the county in which the indictment was filed or in which prosecution began. Such fines are reduced to judgment in favor of the state for the use of the particular county. §§ 142.01, .03, Fla. Stat. (1991). Both the clerk of circuit court and the Department of Corrections may be ordered to collect and dispense restitution payments. § 775.089(11), Fla. Stat. (1991).
[4] For example, the mandatory $20 assessment under section 960.20 is "prior to any other cost required to be imposed by law." § 960.20, Fla. Stat. (1991). Presumably, partial payments on other costs are remitted on a pro rata basis. The overall statutory system has been subject to criticism because the clerks are given inadequate direction concerning the proper allocation of partial payments. Performance Audit of the Distribution of Monies Collected From Criminal Fines and Fees, Report No. 11823, Office of the Auditor General, State of Florida (March 25, 1992).
[5] For example, consider a case in which the clerk of court is ordered to collect and remit $250 in restitution for an elderly victim and is also ordered to collect and remit costs to a drug education fund, the prosecutor, the public defender, and to the general revenue, ostensibly for the benefit of the elderly. The discretionary costs do not appear statutorily to be inferior to the claim for restitution. Thus, the clerk may be obligated to pay each item on a pro rata basis. Because of the competing governmental claims, the victim may never receive more than a small share of the restitution from a defendant of limited means.
[6] Typically, notice to the defendant will require an oral description of the statute authorizing the cost and an oral announcement of the dollar amount. We do not foreclose the trial bench from creating standardized written methods to forego some oral announcements, but caution that alternative methods must satisfy due process and are likely to be more successful if established on a uniform state-wide basis.
[7] Obviously, the legislature has some ability to shift a cost from one category to the other. Thus, this list may not be accurate in the future. We expressly note that this opinion does not address civil restitution and incarceration costs as enacted in 1994. See § 960.29-.297 Fla. Stat. (Supp. 1994). We further note that some of the costs increased from the years 1991 to 1993. Cf. § 960.20, Fla. Stat. (1991) ($20 mandatory assessment) with § 960.20, Fla. Stat. (1993) ($50 mandatory assessment).
[8] See also Wheeler v. State, 635 So.2d 140 (Fla. 4th DCA 1994); Hollingsworth v. State, 622 So.2d 129 (Fla. 5th DCA 1993); Smith v. State, 606 So.2d 427 (Fla. 1st DCA 1992), review denied, 618 So.2d 211 (Fla. 1993).
[9] See also Richter v. State, 597 So.2d 413 (Fla. 4th DCA 1992); Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989).
[10] We are aware that these statutory requirements are burdensome for the trial courts. We understand the trial court's temptation to use a flat fee for the state attorney in every case instead of requiring formal documentation. It is possible that the legislature could enact a cost statute imposing a mandatory $100 cost of prosecution for the state attorney in all cases resulting in a conviction or a withheld adjudication, and utilizing the complex procedure only in extraordinary cases involving documented special costs over $1000. However, this court must require compliance with the existing statutes.
[11] Aultman v. State, 515 So.2d 391 (Fla. 2d DCA 1987); Singletary v. State, 520 So.2d 107 (Fla. 2d DCA 1988); Brewer v. State, 531 So.2d 393 (Fla. 2d DCA 1988); Wright v. State, 531 So.2d 221 (Fla. 2d DCA 1988); Varela v. State, 550 So.2d 40 (Fla. 2d DCA 1989); Zachary v. State, 559 So.2d 105 (Fla. 2d DCA 1990); Siplin v. State, 584 So.2d 599 (Fla. 2d DCA 1991); Alfonso v. State, 595 So.2d 583 (Fla. 2d DCA 1992); Gawron v. State, 597 So.2d 340 (Fla. 2d DCA 1992); Williams v. State, 601 So.2d 1277 (Fla. 2d DCA 1992); Reber v. State, 611 So.2d 91 (Fla. 2d DCA 1992); Douglas v. State, 627 So.2d 30 (Fla.2d DCA 1993); Berry v. State, 636 So.2d 555 (Fla. 2d DCA 1994); Carr v. State, 642 So.2d 1208 (Fla. 2d DCA 1994).