JOANOS, Judge.
In this direct criminal appeal, appellant contends the trial court erred in ordering him to pay a cost of prosecution which the court ordered pursuant to section 939.01, Florida Statutes, in a separate “Order Assessing Costs and Converting to Civil Judgment.” We reverse and remand.
The trial court accepted appellant’s plea of no contest to one count of sexual battery. In exchange for the plea, the State had agreed to recommend three years of probation, withholding adjudication of guilt, and appellant had agreed to sexual abuse counseling. The written plea did not specifically mention payment of costs, but it did provide that appellant understood that the court could “impose the same punishment as if I had plead not guilty, stood trial, and been convicted.”
First, appellant contends, and we agree, that the cost was not authorized by section 939.01, because he was not “convicted,” rather, adjudication was withheld, see Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc opinion on rehearing); Knaus v. State, 608 So.2d 557 (Fla. 2d DCA 1992); Clinger v. State, 533 So.2d 315 (Fla. 5th DCA 1988). However, appellant acknowledges that under the theory set out in Clinger, when adjudication is withheld, the cost can be imposed as a condition of probation.[1]
Next, appellant contends the cost cannot be imposed as a condition of probation without first giving him an opportunity to withdraw his plea, because it was not part of the negotiated plea agreement. We dis *994 agree. In the written plea agreement, appellant acknowledged that “the Court may impose the same punishment as if I had plead not guilty, stood trial and been convicted.” The imposition of the costs of prosecution was implicit in the plea agreement. See State v. Beasley, 580 So.2d 139 (Fla.1991) (“publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”). On remand, the trial court may impose the cost as a condition of probation.
Finally, we reject appellant’s argument that the cost was not reasonably related to the offense.
REVERSED and REMANDED.
BOOTH and MINER, JJ., concur.

. We note that, had the cost been imposed validly under section 939.01, the statute directs that it shall be made a condition of probation. See § 939.01(4), Fla.Stat.