PER CURIAM.
The appellant, Luis Lopez, challenges that portion of his judgment and sentence imposing certain costs. We conclude that four costs were improperly imposed.
We strike a $2 cost assessed pursuant to section 943.25(18), Florida Statutes (1993). This cost is discretionary, and since the trial court failed to give Lopez notice of this cost, this cost must be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Second, we strike the $150 assessed for prosecution costs. At the sentencing hearing, there was no request for such cost by an agency nor was there documentation supporting the cost as required by section 939.01(1), Florida Statutes (1993).
Third, we strike the assessment of $185 for the Hillsborough County Court Improvement Fund because this assessment is not authorized as a cost under any existing statute. Reyes.
Fourth, at the sentencing hearing, the trial court imposed a $135 fine for the Drug Abuse Trust Fund. In Reyes, this court held that the imposition of such cost is proper. However, Lopez’s written sentencing document reflects the imposition of a $150 fine for the Drug Abuse Trust Fund. We strike this cost because the written judgment does not conform to the oral pronouncement. See Shorter v. State, 666 So.2d 237 (Fla. 2d DCA 1996).
Accordingly, we strike the foregoing costs, and we affirm the remaining portion of the judgment and sentence.
PATTERSON, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.