BY ORDER OF THE COURT:
Upon consideration of appellee’s motion for rehearing, it is
ORDERED that rehearing is granted to the extent that the attached opinion is substituted for the opinion dated February 28, 1996.
PER CURIAM.
The appellant, Joy Yvette Sutherland, challenges the trial court’s judgment and sentence. Although we affirm the appellant’s conviction, we find that the trial court erred in imposing certain costs.
Pursuant to a plea agreement, the appellant pled no contest to the charge of possession of a short-barreled shotgun in violation of section 790.221, Florida Statutes (1993). The appellant specifically reserved her right to challenge the trial court’s denial of her motion to suppress which she filed as a result of evidence seized pursuant to the execution of a search warrant. The trial court subsequently withheld adjudication of guilt to the charge of possession of a short-barreled shot *719 gun and ordered her to serve eighteen months probation and to pay court costs. This timely appeal followed.
We fed no merit in the appellant’s contention that the trial court erred in denying her motion to suppress and, accordingly, affirm the conviction. We do, however, fed that the trial court erred in imposing certain costs.
With regard to the costs imposed by the trial court, we strike the $110 in Prosecution/Investigative Costs since it was not requested by the state and the trial court did not consider the appellant’s financial resources. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). We also strike the assessment to the Hillsborough County Court Improvement Fund since it is not authorized under any existing statute as either a fee or cost. Reyes, 655 So.2d at 120. Further, the $265 in “Court Costs” is also stricken since no statutory authority was cited for it. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Accordingly, we affirm the conviction but strike those costs mentioned above.
Affirmed as modified.
THREADGILL, C.J., and RYDER and SCHOONOVER, JJ., concur.