FRANK, Judge.
Kenneth Cooper was convicted of robbery in violation of section 812.13(2)(b) based upon an incident occurring at “Sassy Fashions” in St. Petersburg, Florida, in July of 1994. Cooper now challenges his conviction, contending that the state’s evidence was wholly circumstantial, insufficient and incapable of supporting a conviction under State v. Law, 559 So.2d 187 (Fla.1989). We reject his argument; it is without merit given the store clerk’s identification of Cooper as the culprit. See Larkins v. State, 655 So.2d 95, 98 (Fla.1995) (rejecting contention that circumstantial evidence was insufficient where record disclosed eyewitness testimony).
Cooper has also challenged his sentence, claiming that a $300 assessment for “statutory costs” was imposed without itemization or reference to appropriate authority. See Reyes v. State, 655 So.2d 111, 114-16 (Fla. 2d DCA 1995). We agree in part and strike $47 from the total costs. That amount is not related to a statutory source. The balance of $253 is affirmed. See Reyes, 655 So.2d at 117; § 27.3455(1)(a), Fla.Stat. (1993) (court costs upon felony conviction); § 960.20, Fla.Stat. (1993) (crimes compensation trust fund); § 943.25(3), Fla.Stat. (1993) (criminal justice trust fund).
Judgment affirmed, but $47 is stricken from the assessed “statutory costs.”
SCHOONOVER, A.C.J., and WHATLEY, J., concur.