FRANK, Judge.
Joan Patton appeals from a determination of the Unemployment Appeals Commission denying unemployment benefits due to work related misconduct. Our review of this matter discloses an error in the appeals referee’s conclusions of law, subsequently adopted by the Commission. The error compels us to reverse and remand for the award of benefits.
In May of 1994, Patton pleaded guilty to welfare fraud. She was ordered to pay restitution, but adjudication was withheld. Approximately four months later, Patton made an application for a position with Chase Home Mortgage Corporation on which she indicated that she had no prior criminal convictions. Subsequently, upon the corporation’s discovery of the prior criminal proceeding, Patton was terminated.
The appeals referee denied unemployment benefits in the belief that Patton’s guilty plea equates with a conviction and, thus, she lied on her application. This court, however, has determined that a conviction attaches only upon an adjudication of guilt. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); see also Boyd v. State, 654 So.2d 993 (Fla. 1st DCA 1995). Patton has not been convicted of welfare fraud. The referee’s determination of work-related misconduct was based solely upon the misrepresentation of her plea; therefore, we reverse and remand for the award of benefits.[1]
SCHOONOVER, A.C.J. and QUINCE, J., Concur.

. Patton's termination was compelled by a federal statute, applicable to federally insured depository institutions, which proscribes the employment of "any person who has been convicted of any offense involving dishonesty or a breach of trust ..., or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such offense....” 12 U.S.C. § 1829 (1994). We are aware that the statute's proscription operates without a conviction; however, the denial of Patton’s unemployment benefits was based solely upon the erroneous conclusion of law described above. This court has not been provided with a copy of Patton’s employment application nor with a transcript of the hearing below.