PER CURIAM.
Counsel for Joseph W. Jennison filed this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the convictions and sentences, but strike one cost assessment, the pubhc defender’s hen, and one condition of probation.
The trial court erred in assessing $15 for the County Court Improvement Fund because there is no legal basis for this assessment. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). The trial court also erred in assessing a $500 pubhc defender’s hen by not citing any statutory authority and by failing to base this amount on any evidence presented to the court. Reyes, 655 So.2d at 119. See also Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Finally, the trial court also erred by imposing special condition of probation (F), regarding the payment for random drug testing, because the trial court did not orally announce this portion of condition (F). See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
We affirm the judgment and sentences. We strike the $15 assessment for the County Court Improvement Fund, the $500 pubhc defender’s hen, and that portion of special *794 condition (F) regarding the payment for random drug testing.
PARKER, A.C.J., and PATTERSON and NORTHCUTT, JJ., concur.