NORTHCUTT, Judge.
Reginald Thompson raises four issues in this appeal, all of which concern the judgment and sentence and order of probation entered after he pleaded nolo contendere to possession of cocaine with intent to sell or deliver. We find merit in his arguments that costs of prosecution were improperly im-pqsed and that the judgment and sentence contain a scrivener’s error. We affirm his other points on appeal without discussion.
Section 939.01, Florida Statutes (1993) authorizes costs of prosecution to be imposed only upon conviction; here, the trial court withheld adjudication. The judge did, however, orally announce that Thompson was responsible for these costs and referenced section 939.01 in her written order, so we will treat the assessment as a special condition of probation. See Reyes v. State, 655 So.2d 111, 118 (Fla. 2d DCA 1995). Nevertheless, the State did not specifically request costs of prosecution, nor did it provide any documentation for these costs. Accordingly, we strike the $150.00 imposed as costs of prosecution.
The State concedes that Thompson’s judgment and sentence inaccurately state he pleaded guilty to the offense. We remand for correction of these documents to reflect the fact that he pleaded nolo contendere. Thompson need not be present for this correction.
Affirmed in part, costs stricken, remanded for correction of judgment and sentence.
LAZZARA, A.C.J., and WHATLEY, J., concur.