705 So.2d 959 (1998)
Vincent PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01962.
District Court of Appeal of Florida, Second District.
January 21, 1998.
James Marion Moorman, Public Defender, and Joanna B. Connor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Vincent Parker contends that the trial court committed fundamental error by allowing the prosecutor to make improper comments during closing argument in Parker's jury trial. Parker also complains that the court imposed certain costs without orally announcing them at sentencing. We affirm Parker's conviction, and strike the improperly imposed costs.
Parker failed to object, move for a mistrial, or request a curative instruction in response to the prosecutor's comments during closing argument. Therefore, he failed to preserve error in that regard. See Spencer v. State, 645 So.2d 377 (Fla.1994). Although Parker attempts to characterize the error as fundamental, we conclude that the prosecutor's statement was fair comment on *960 Parker's testimony. The prosecutor was merely submitting a conclusion which he alleged could be drawn from the evidence. See Craig v. State, 510 So.2d 857, 865 (Fla.1987). We see no error, even if the issue had been preserved for review.
The State concedes that the trial court erred by failing to orally announce the $2 cost imposed pursuant to section 943.25(13), Florida Statutes (1995). The trial court also erred in its failure to require documentation from the State to prove its investigative cost of $100, or to consider Parker's ability to pay. See § 939.01(1), Fla. Stat. (1995); Lunn v. State, 675 So.2d 648, 649 (Fla. 2d DCA 1996); Reyes v. State, 655 So.2d 111, 116-117 (Fla. 2d DCA 1995)(en banc). Therefore, we strike the $2 cost and the $100 investigative cost.
Conviction affirmed, $2 and $100 costs stricken.
WHATLEY, J., concurs.
ALTENBERND, A.C.J., concurs specially.
ALTENBERND, Acting Chief Judge, concurring.
On February 15, 1995, this court issued an en banc opinion in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Except for an issue involving the Hillsborough County Court Improvement Fund, Reyes announced no new law. Instead, it summarized the existing law in hopes that such a summary would allow trial courts, prosecutors, and defense counsel to resolve future cost issues without the necessity of appeal.
The State filed the information against Mr. Parker months after the Reyes decision. Mr. Parker was convicted fourteen months after that decision. Nevertheless, the form judgment used in this case automatically included the $2 discretionary cost pursuant to section 943.25(13), Florida Statutes (1995), within a combined cost of $255. The remaining costs in that total are mandatory costs. Thus, the form invites $2 errors that must be corrected at great expense on appeal.
The costs of prosecution were imposed in this case because the trial court affirmatively asked the assistant state attorney: "Do you have an investigative cost?" The assistant state attorney responded: "Bradenton Police Department, your Honor." Thus, the trial court imposed a cost of $100 without any motion by the agency requesting any specific cost amount and without any documentation. This procedure conflicts with the guidelines explained in Reyes.
Similar sentencing hearings have occurred frequently in many courtrooms and in all circuits of this district long after Reyes was published and became available to the attorneys and judges who participate in these sentencing hearings. I do not intend to single out the trial judge involved in this case because the fault cannot be placed solely upon her. The assistant state attorney should have known that the request for costs was improper and that the award was reversible. Defense counsel should have objected. Whoever created the standard form should have known that it mixed mandatory and discretionary costs.
The issue here is not fault, but expense and delay. The participants in the trial court sentencing process, in scores of cases throughout much of this district, have needlessly created great expense for the state and some delay in the appellate process by allowing $2 errors and other minor sentencing issues to occur on a regular basis. The appellate public defender, who is swamped with criminal appeals, must take time to brief these issues. The attorney general must respond and concede the error. This court must write yet another $2 cost reversal, which clutters the law books with non-precedential opinions.
Pursuant to the recent amendment to Florida Rule of Criminal Procedure 3.800, these cost issues should now be sentencing errors that can be corrected in the trial court within thirty days of the sentencing hearing, and can be appealed only if preserved. Rule 3.800 may not reduce the expense of these errors, but it will force the lawyers and judges who create them to clean up their own mess.