PER CURIAM.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the public defender has raised several arguments, one of which has merit. We agree that the trial court erred in imposing costs and fees.
First, the trial court erred by imposing $2 pursuant to section 943.36(13), Florida Statutes (1993), because it is a discretionary cost that was not orally pronounced at the sentencing hearing. See Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) (en banc). Next, the trial court erred by imposing $110 pursuant to section 939.01, Florida Statutes (1993) (cost of prosecution and investigative cost), because the record does not support that the State specifically requested these costs. See Reyes, 655 So.2d at 116. On remand, the State may seek to have these costs imposed if it complies with the procedures set forth in section 939.01, Florida Statutes (1993).
Finally, we note that the trial court imposed a $500 public defender’s lien and a $100 “attorney cost” in both cases after informing Knight of the amount of the lien and his right to challenge it. The public defend *128 er correctly notes that the trial court did not orally pronounce the statutory authority for these fees and the written judgment does not reflect any statutory authority. On remand, the judgment must be corrected to recite the appropriate statutory authority for these fees. See Reyes.
Accordingly, we strike the costs that the trial court improperly imposed and remand the case without prejudice to the trial court reimposing these costs in accordance with this opinion. The judgment and sentence is otherwise affirmed.
PARKER, C.J., and PATTERSON and FULMER, JJ., concur.