The Honorable Charlie Green Lee County Clerk of Circuit Court Post Office Box 2469 Fort Myers, Florida 33902-2469
Dear Mr. Green:
You ask the following questions:
1. Who receives the $2 additional court assessment for criminal justice education authorized under section 938.15, Florida Statutes?
2. Who is subject to the $2 additional assessment under section 938.15, Florida Statutes?
3. May each municipality within a county assess the $2 fee cumulatively?
In sum:
1. A county or municipality whose ordinance has been violated is authorized to impose and receive the additional court assessment for criminal justice education.
2. The individual convicted of violating a county or municipal ordinance is subject to the additional court assessment for criminal justice education.
3. A municipality may assess the additional court assessment for criminal justice education only when an individual has been convicted of violating that municipality's ordinance.
As your questions are interrelated, they will be answered together.
Section 938.15, Florida Statutes, provides:
"In addition to the costs provided for in s. 938.01, municipalities andcounties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses, including basic recruit training, for their respective officers and employing agency support personnel, provided such education degree programs and training courses are approved by the employing agency administrator, on a form provided by the commission, for local funding. (1) Workshops, meetings, conferences, and conventions shall, on a form approved by the commission for use by the employing agency, be individually approved by the employing agency administrator prior to attendance. The form shall include, but not be limited to, a demonstration by the employing agency of the purpose of the workshop, meeting, conference, or convention; the direct relationship of the training to the officer's job; the direct benefits the officer and agency will receive; and all anticipated costs. (2) The commission may inspect and copy the documentation of independent audits conducted of the municipalities and counties which make such assessments to ensure that such assessments have been made and that expenditures are in conformance with the requirements of this subsection and with other applicable procedures." (e.s.)
Courts created by Article V of the Florida Constitution are required by section 938.01, Florida Statutes, to assess, in addition to any fine or other penalty, $3 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance.[1] When such costs are collected pursuant to section 938.01, they are to be remitted to the Department of Revenue for deposit in the Additional Court Cost Clearing Trust Fund and are earmarked for the Department of Law Enforcement. The funds are distributed to the Criminal Justice Standards and Training Trust Fund and to the Department of Law Enforcement Operating Trust Fund for disbursement to the department.[2]
Section 938.01(2), Florida Statutes, however, states:
"Except as provided by s. 938.15 and notwithstanding any other provision of law, no funds collected and deposited pursuant to this section or s.943.25 shall be expended unless specifically appropriated by the Legislature."[3] (e.s.)
Thus, the Legislature has recognized that funds collected pursuant to section 938.15, Florida Statutes, are in addition to those imposed under section 938.01, Florida Statutes, and such funds fall outside the appropriation requirements for funds collected under section 938.01. The plain language of section 938.15 authorizes municipalities and counties to assess the additional costs to be used for criminal justice education degree programs and training courses.[4] Moreover, the recognition in section 938.01(1) that assessments are collected from individuals convicted for violation of municipal or county ordinance would logically suggest that municipalities and counties are authorized to assess the additional cost in section 938.15 only for violations in their respective jurisdictions and for violations of their respective ordinances.
Such a conclusion is consistent with this office's previous opinions finding that fines and forfeitures received from violations of ordinances or misdemeanors committed in a county, or municipal ordinances committed within a municipality within the jurisdiction of the county court, are paid to the county or municipality respectively.[5] Moreover, the district court in Reyes v. State[6] based its conclusion that the assessment allowed under section 938.15, Florida Statutes, is discretionary on the finding that "the statute is permissive, does not mandate action by the court, and is dependent upon the locality of theoffense[.]"[7] (e.s.) Nothing in section 938.15 evidences an intent that a county and municipalities located therein may each impose an assessment regardless of the location of the offense or the statute or ordinance violated.
Accordingly, it is my opinion that the assessment authorized in section938.15, Florida Statutes, is payable to the county or municipality by an individual who has been convicted of a violation of the respective county or municipal ordinance and the court has included payment of the assessment in its order.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 938.01(1), Fla. Stat., also assessing the cost against individuals for whom adjudication has been withheld; assessing an additional $3 from every bond estreature or forfeited bail bond; but prohibiting such assessment for any violation of an ordinance relating to the parking of vehicles.
[2] Section 938.01(1)(a), Fla. Stat.
[3] See also, s. 943.25(12), Fla. Stat., stating that "[e]xcept as provided by s. 938.15 and notwithstanding any other provision of law, no funds collected and deposited pursuant to this section shall be expended unless specifically appropriated by the Legislature."
[4] The district court in Reyes v. State, 655 So.2d 111, 117 (Fla. 2d DCA 1995), commented that the authorization for a local government to assess a cost, rather than the court, was unusual.
[5] See, Ops. Att'y Gen. Fla. 99-10 (1999), 74-137 (1974), 73-203 (1973), and 73-201 (1973).
[6] See, n 4., supra.
[7] 655 So.2d at 117. Section 943.25(13), Fla. Stat., considered by theReyes court was amended and renumbered as s. 938.15, Fla. Stat., by s. 14, Ch. 97-271, Laws of Fla. As shown by the legislative history, s.943.25(13), Fla. Stat., was merely renumbered as s. 938.15 and "[n]o other changes made to current law." See, Senate Staff Analysis and Economic Impact Statement, SB 388, April 15, 1997 (revised April 24, 1997).
[8] See, e.g., s. 318.18(11)(b), Fla. Stat., stating:
"In addition to the court cost assessed under paragraph (a), the court shall impose a $3 court cost for each infraction to be distributed as provided in s. 938.01 and a $2 court cost as provided in s. 938.15 when assessed by a municipality or county."