597 So.2d 413 (1992)
Darrell RICHTER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0804.
District Court of Appeal of Florida, Fourth District.
April 22, 1992.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Richter appeals his sentence for selling marijuana. The trial court imposed investigative *414 costs of $522.31 as part of his probation, without determining whether he had the ability to pay these costs. Section 939.01(5), Florida Statutes (1991), says:
(5) The court, in determining whether to order costs and the amount of such costs, shall consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors which it deems appropriate. [Emphasis supplied]
Hence, unlike the situation in State v. Beasley, 580 So.2d 139 (Fla. 1991), where the amount of the costs was liquidated by statute and nothing in the text required a pre-assessment determination of ability to pay, this statute specifically incorporates into its text the express requirement that the court consider ability to pay in determining whether to impose an obligation to pay investigative costs. See Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991).
Accordingly, we reverse the condition of probation imposing investigative costs.
REVERSED.
HERSEY and GUNTHER, JJ., concur.