625 So.2d 962 (1993)
Arthur E. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1041.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
James B. Gibson, Public Defender, and Nancy Ryan, Asst. Public Defender, Daytona Beach, for appellant.
No Appearance for appellee.
HARRIS, Chief Judge.
We affirm the conviction and sentence in this case except that portion of the sentence imposing court costs and cost of investigation. At sentencing, the court made no reference to these costs as a condition of probation.
In Richter v. State, 597 So.2d 413 (Fla. 4th DCA 1992), investigative costs were reversed when the trial court failed to determine ability to pay. See also Blanco-Diaz v. State, 618 So.2d 370 (Fla. 3d DCA 1993). While it is true that ability to pay certain costs need not be determined until collection is undertaken, State v. Beasley, 580 So.2d 139 (Fla. 1991), ability to pay costs imposed *963 under section 939.01, Florida Statutes, must be determined when the costs are imposed.
Concerning the other costs, the trial court made no reference at sentencing to the imposition of such costs as a condition of probation. The trial court merely stated that "[t]he standard and special conditions of your probation will be explained to you by your Probation officer." In Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993), this court held that a trial court's failure to orally pronounce the special conditions of probation constitutes a "discrepancy" requiring probation to be vacated and remanded for resolution of the discrepancy. There is no indication that the court costs imposed as a condition of probation were orally pronounced at the sentencing hearing.
Reversed and remanded to correct the sentence by eliminating the conditions of cost, or in the alternative, for resentencing at which time the issue of costs, after proper notice, may be reconsidered.
REVERSED and REMANDED.
COBB and THOMPSON, JJ., concur.