640 So.2d 218 (1994)
Joseph STALLWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04207.
District Court of Appeal of Florida, Second District.
August 5, 1994.
*219 Michael P. Reiter, North Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Giselle Lylen Rivera, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Joseph Stallworth appeals his judgment for felony petit theft and resisting arrest without violence, contending that for several reasons the trial court erred in imposing court costs against him. We agree with most of those reasons, strike the cost assessments, and remand for further proceedings.
Stallworth entered a plea of no contest to the charges against him as part of a plea agreement with the state. After the trial court pronounced Stallworth's sentence, the state requested that the court assess costs of prosecution of $50 and other fines and costs the court deemed appropriate. Over defense counsel's objection, the court imposed costs of prosecution of $50 pursuant to section 939.01, Florida Statutes (1991), and court costs of $95.
Stallworth contends the cost assessments should be stricken because they were not part of his plea agreement and he was not given notice and an opportunity to be heard with regard to their imposition. He also contends the trial court failed to determine his ability to pay the assessments.
The assessment of $50 for costs of prosecution was made pursuant to section 939.01, which mandates that such costs be included in all judgments of conviction. Publication in the Laws of Florida or the Florida Statutes constitutes constructive notice of statutorily mandated court costs. State v. Beasley, 580 So.2d 139 (Fla. 1991). Thus, Stallworth's contention that he was not given notice with regard to the $50 assessment is without merit.
There is merit, however, in his contention that the trial court failed to determine his ability to pay prior to imposing the $50 assessment. "[A] trial court is not required to determine a convicted criminal defendant's ability to pay statutorily mandated costs prior to assessing costs unless the applicable statute specifically requires such a determination." Id. at 142 (emphasis supplied). Section 939.01(5) specifically requires such a determination:
The court, in determining whether to order costs and the amount of such costs, shall consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors which it deems appropriate.
See also Thomas v. State, 625 So.2d 962 (Fla. 5th DCA 1993) ("[A]bility to pay costs imposed under section 939.01, Florida Statutes, must be determined when the costs are imposed.").
With regard to the assessment of the $95 in court costs, it must be stricken regardless of whether it was mandatory or discretionary because no statutory authority was cited for it. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Accordingly, we strike the cost assessments and remand. The state may seek to reimpose the assessments upon remand in accordance with the law set forth in this opinion. We note that if the state seeks to reimpose the $95 assessment and it is a discretionary assessment, Stallworth must personally be given notice and an opportunity to be heard with regard to its imposition. Sutton.
RYDER, A.C.J., BLUE and LAZZARA, JJ., concur.