653 So.2d 1103 (1995)
James Estill EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01646.
District Court of Appeal of Florida, Second District.
April 19, 1995.
James Marion Moorman, Public Defender, and Joseph F. Bohren, II, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale R. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, James Estill Evans, challenges the trial court's judgments and sentences for three counts of engaging a child in sexual activity. We affirm the appellant's conviction, however, two of the appellant's *1104 points on appeal regarding costs and conditions of probation merit discussion.
The appellant pled nolo contendere to three counts of engaging a child in sexual activity in violation of section 794.041(2)(b), Florida Statutes (1989) and (1991). The appellant was adjudicated guilty and sentenced to two concurrent terms of ten years in prison to be followed by ten years probation. This timely appeal followed.
We agree with the appellant's contentions that two conditions of probation should be stricken in part because they were not orally pronounced at sentencing and that a certain cost assessment should be stricken because no statutory authority was cited for it.
Probation condition (3) states: "You will not possess, carry or own any weapons, firearms, or destructive devices." Since section 790.23, Florida Statutes (1991), makes it unlawful for any person convicted of a felony to own or have in his care, custody, possession, or control any firearm, that part of condition (3) prohibiting possessing, carrying, or owning firearms is a general condition for which no oral pronouncement is needed. We, therefore, affirm that portion of condition (3). However, we strike the general prohibition of weapons and destructive devices in condition (3) because they were not orally pronounced at sentencing. See Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995).
Probation condition (5) states: "You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used." That portion of condition (5) prohibiting the excessive use of those substances must be stricken since the trial court failed to announce it in open court, thus preventing the appellant from having the opportunity to object to its imposition. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). However, we affirm the remaining portion of that condition prohibiting a probationer from visiting places where intoxicants are unlawfully sold, dispensed, or used since it is valid as a more precise definition of a general prohibition and, as such, need not be orally pronounced. Chitty v. State, 20 Fla. L. Weekly D76, ___ So.2d ___ [1994 WL 714418] (Fla. 2d DCA Dec. 28, 1994).
We also strike the imposition of the "cost/fine" of $33.00 because no statutory authority was cited for it. See Stallworth v. State, 640 So.2d 218 (Fla. 2d DCA 1994). On remand, the state may seek to reimpose that cost in accordance with the law. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
We, accordingly, affirm the convictions and remand for further proceedings in accordance with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and PATTERSON and QUINCE, JJ., concur.