664 So.2d 1073 (1995)
Robert F. SNYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04362.
District Court of Appeal of Florida, Second District.
December 1, 1995.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Robert F. Snyder appeals from his sentence for uttering a forged instrument and petit theft. He challenges the constitutionality *1074 of Florida's Civil Restitution Lien and Crime Victim's Remedy Act of 1994, sections 960.29 through 960.297, Florida Statutes (Supp. 1994). We decline to reach this issue since the record is devoid of a separate order requiring restitution under the Act, as is required by section 960.292(3).[1]
We agree with the appellant's second argument that the trial court erred in imposing a $33 "cost/fine" as part of the appellant's sentence because no statutory authority was cited for it. See Evans v. State, 653 So.2d 1103 (Fla. 2d DCA 1995); Stallworth v. State, 640 So.2d 218 (Fla. 2d DCA 1994). Accordingly, we strike the imposition of that cost. We also strike the $2 discretionary cost imposed pursuant to section 943.25(13), Florida Statutes (1993), because the trial court failed to specifically announce that cost at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). However, we affirm the imposition of $300 for attorney's fees since the appellant agreed to pay that cost as part of his plea bargain.
Affirmed in part, reversed in part.
SCHOONOVER, A.C.J., and QUINCE, J., concur.
NOTES
[1] Section 960.292(3), Florida Statutes (Supp. 1994), states:

The court shall enter separate civil restitution lien orders as appropriate in favor of the crime victims, the state, its local subdivisions, or aggrieved parties. The civil restitution lien order shall include the name of the convicted offender, the case number assigned to the applicable criminal case, and the names and social security numbers of the crime victim, state, its local subdivisions, or aggrieved parties, as appropriate.