PER CURIAM.
This case raises issues identical to those discussed in Snyder v. State, 664 So.2d 1073, 1074 (Fla. 2d DCA 1995). We decline to reach the constitutionality of the Florida Civil Restitution Lien and Crime Victim’s Remedy Act of 1994, sections 960.29 through 960.297, Florida Statutes (Supp.1994), because the trial court prepared no separate restitution order, and the record contains no enforceable restitution lien in favor of any specific crime victim. See Snyder, 664 So.2d at 1074; Lund v. State, 658 So.2d 679, 680 (Fla. 1st DCA 1995).
We strike the $33 “cost/fine” and the $2 discretionary cost for the reasons explained in Snyder. However, we affirm Holley’s $300 public defender fee, imposed pursuant to section 27.56, Florida Statutes (1993), because she agreed to pay this fee as part of her plea agreement.
Affirmed in part, reversed in part.
RYDER, A.C.J., and CAMPBELL and ALTENBERND, JJ., concur.