ANTOON, Judge.
Gregory McClough (defendant) appeals his sentence imposed after he was adjudicated guilty of trafficking in cocaine.[1] We strike certain special conditions of the defendant’s probation, but in all other aspects, we affirm his sentence.
The defendant was sentenced to serve five years in prison followed by ten years probation. The defendant contests two special conditions of probation imposed by the court: (1) that he pay $120.00 to Volusia County’s First Step Program, and (2) that he pay “an amount to be determined” by his probation officer as restitution for the cost of investigation.
The defendant first challenges the requirement that he pay $120.00 to the Volu-sia First Step Program contending that the trial court erred by failing to orally pronounce this special condition at the time of sentencing. We agree that the trial court was required to orally pronounce special conditions of probation. See Land v. State, 605 So.2d 599 (Fla. 5th DCA 1992). More important, however, is the fact that our court has ruled that the trial court lacks jurisdiction to require a defendant to make such a payment to First Step of Volusia County. Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994). Thus, this special condition of probation was improperly imposed.
The defendant next challenges the trial court’s direction that he pay the costs of investigation “in an amount to be determined by his probation officer.” We agree that this direction was improper because trial courts are not authorized to delegate to a probation officer the responsibility of determining a defendant’s ability to pay costs, and the rate of such payment. Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991). See also Larson v. State, 572 So.2d 1368 (Fla.1991). Also, the ability of the defendant to pay such costs must be determined at the time of imposition. Here, the state presented no evidence to support its claim for costs, and the trial court made no inquiry into the defendant’s ability to pay such costs. See Thomas v. State, 625 So.2d 962 (Fla. 5th DCA 1993). See also State v. Beasley, 580 So.2d 139 (Fla.1991).
*1101 Accordingly, the special conditions of probation requiring the defendant to pay $120.00 to First Step of Volusia County, and the costs of investigation are stricken. This matter is remanded for consideration of the proper imposition of investigation costs. Thomas v. State, 625 So.2d 962 (Fla. 5th DCA1998).
REVERSED and REMANDED.
HARRIS and THOMPSON, JJ., concur.

. § 893.135, Fla.Stat. (1993).