CAMPBELL, Acting Chief Judge.
Appellant, Michael Paul Coradi, entered a negotiated plea of nolo contendere to a charge of strong-armed robbery. The trial judge accepted appellant’s plea and sentenced him to forty-eight months incarceration. In addition, restitution in the amount of $17.59 to the Spur Station was ordered, and a $10,000.00 civil restitution lien was orally assessed pursuant to section 960.293, Florida Statutes (Supp.1994). Appellant argues that the Florida Civil Restitution Lien and Crime Victims Remedy Act of 1994, sections 960.29 through 960.297, Florida Statutes (Supp.1994), is unconstitutional. We decline to address the constitutionality of that statute since that issue was not properly presented to the trial court and, therefore, was not preserved for review. See Nevels v. State, — So.2d -[1995 WL 733070], 20 Fla.Law Weekly D2748 (Fla. 2d DCA Dec. 13,1995).
We also note that the record in this case does not contain an order imposing the restitution lien. The $10,000.00 referred to in the plea agreement does not constitute a restitution lien unless a separate order is entered imposing the lien pursuant to section 960.292(3), Florida Statutes (Supp.1994). See *1113 Snyder v. State, 664 So.2d 1073 (Fla. 2d DCA 1995); Holley v. State, 666 So.2d 222 (Fla. 2d DCA 1995).
Accordingly, we affirm the judgment and sentence of the trial court.
PARKER and PATTERSON, JJ., concur.