PARKER, Judge.
Calvin Stokes appeals his sentences imposed in two cases and the imposition of certain court costs. The state concedes error. We reverse in part.
In Case No. 92-1621, Stokes pleaded no contest to a charge of felony petit theft, a third-degree felony. In October 1992, the trial court sentenced Stokes to two years of community control. Stokes violated community control in February 1993 and in March 1993. The trial court revoked Stokes’ community control for each of those violations and restored community control. In January 1994, Stokes again violated community control. The trial court again revoked the community control and sentenced Stokes to four and one-half years in prison followed by six months’ probation.
The third-degree felony for which Stokes was sentenced is subject to a five-year statutory maximum. See §§ 812.014(2), 775.082(3)(d), Fla. Stat. (1991). Stokes had already served over two years of community control when it was revoked the third time. The trial court did not give Stokes credit for the time he had already served on community control when sentencing him for the third revocation. Because the new sentence involved a prison term followed by probation, the trial court was required to give Stokes credit for the time previously served on community control. See Waters v. State, 662 So.2d 332 (Fla.1995). Accordingly, we reverse the sentence in Case No. 92-01621. Upon remand, Stokes’ new sentence must include credit for the time previously served on community control, and the total of all probation, community control, and prison cannot exceed the five-year statutory maximum. See Waters.
The sentencing order in Case No. 94-0537 contains a clerical error. Upon resentencing, the sentencing order in Case No. 94—0537 must be corrected to reflect a term of six months’ probation rather than six years. See Boggs v. State, 557 So.2d 203 (Fla. 2d DCA 1990).
Finally, in Case No. 94-0537, we strike the following costs:
(1) $2 cost pursuant to section 943.25(13), Florida Statutes (1993), because it is a discretionary cost and it was not orally pronounced. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc); and
(2) $33 “cosi/fine” because the order does not cite statutory authority. See Evans v. State, 653 So.2d 1103 (Fla. 2d DCA 1995).
We affirm the revocation of community control in Case No. 92-1621, but reverse the sentence and remand for resentencing. In Case No. 94-0537, we remand for correction of the sentencing order and strike the $2 and $33 costs.
FRANK, A.C.J., and FICARROTTA, GASPER J., Associate Judge, concur.