PER CURIAM.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have found no error affecting Fortt’s conviction; however, we strike certain costs and certain probation conditions imposed by the trial court.
First, a cost of $300 was assessed by the trial court referencing no statutory authority. *638 Under Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), it is mandatory for a trial court to provide the statutory basis for every cost item imposed. Accordingly, this cost must be stricken. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes.
Second, Fortt was assessed attorney’s fees without being given notice of his right to contest the amount of the fee. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). On remand, if the trial court awards attorney’s fees, Fortt must be informed of his right to contest the amount of the fees.
Third, the trial court improperly imposed special conditions of probation without announcing these conditions at sentencing. This was error. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We affirm condition four insofar as it prohibits the ownership or possession of a firearm, but strike the portion of condition four which implies that Fortt’s community control or probation officer may consent to Fortt’s possession of a firearm. We also strike the portion of condition four relating to weapons.
In addition, we strike that portion of condition six relating to excessive use of intoxicants because it was not pronounced at sentencing. We further strike condition eleven, which requires Fortt to maintain an hourly accounting of all his daily activities and submit them to his community control officer upon request. This special condition was not pronounced at sentencing. See Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991).
We also strike condition fourteen and condition eighteen insofar as they require Fortt to pay for evaluation and treatment programs because the trial court did not pronounce this special condition.
Finally, we strike condition fifteen, which requires Fortt to pay twelve dollars to First Step, Inc., because the trial court provided no statutory reference for the imposition of this cost. Nank. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes.
Accordingly, we affirm the judgment and sentence, but strike certain costs and certain probation conditions imposed by the trial court.
CAMPBELL, A.C.J., and FRANK and WHATLEY, JJ., concur.