PER CURIAM.
David Barry Lawley (Lawley) challenges his judgment and sentence for aggravated stalking, raising four issues on appeal. We affirm his conviction and sentence but reverse and remand for correction of two errors that occurred in sentencing.
First, the trial judge assessed a $1,000 fine against Lawley, stating she believed she was required to consider the cost of the trial and of Lawley’s legal representation. The State concedes error. The trial court lacks authority to impose costs in a criminal case unless specifically authorized by statute, and that statutory authority must be cited in the written order. While a fine may ordinarily be imposed within statutory limits, a fine may not be imposed because a defendant exercises his constitutional right to a jury trial. Gibson v. State, 577 So.2d 1001 (Fla. 1st DCA 1991). We, therefore, vacate the fine and remand for reimposition without consideration of the cost of Lawley’s trial and legal representation.
Second, as one of the special conditions of his probation, the court ordered Lawley to not drive on that portion of Grace Avenue that runs past the victim’s house. The written order of probation, however, completely restricts him from driving on Grace Avenue. The State properly concedes error. We remand with instructions to correct the written probation order to reflect the probation condition the trial court orally pronounced at sentencing.
*473 We AFFIRM in part, and REVERSE and REMAND in part.
MINER, WEBSTER and LAWRENCE, JJ., concur.