BY ORDER OF THE COURT:
Upon consideration of appellant’s motion for rehearing and motion for rehearing en banc, it is
ORDERED that the motion for rehearing is granted. The opinion filed on June 19, 1996, is withdrawn, and the attached opinion is substituted therefor. The motion for rehearing en banc is denied.
QUINCE, Judge.
Lewis Jerome Cherubin challenges the judgments and sentences imposed after his conviction by a jury of aggravated assault of a law enforcement officer and carrying a concealed firearm. We affirm the judgments withput further discussion but remand for resentencing.
At sentencing the trial court imposed a sentence of 58 months’ imprisonment and three years’ probation. The sentencing guidelines scoresheet indicates a sentence of 39.8 months, with a minimum of 29.85 months and a maximum of 49.75 months. There is nothing in the record to suggest the trial court wanted to impose a departure sentence. The sentence of 58 months is clearly a departure sentence without written reasons. On remand the trial court should *175 impose a sentence that is within the guidelines. Tutt v. State, 620 So.2d 1110 (Fla. 2d DCA 1993).
Cherubin also challenges several conditions of his probation as being special conditions not orally pronounced at sentencing. The Florida Supreme Court in State v. Hart, 668 So.2d 589 (Fla.1996), held defendants facing the imposition of probation are on constructive notice of the eleven conditions of probation contained in Florida Rule of Criminal Procedure 3.986. Such conditions are general conditions of probation and need not be orally pronounced at sentencing. The only special conditions imposed by the trial court are that portion of condition 3 which refers to a destructive device and that portion of condition 8 which requires Cheru-bin to pay for random tests for alcohol or drugs. These conditions are hereby stricken since they were not orally pronounced before imposition.
We also strike the $33.00 eost/fine imposed without reference to any statutory authority, and the $2.00 imposed pursuant to section 943.25(13), Florida Statutes (1993), since it was not orally pronounced. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc). Additionally, the $300.00 attorney fee is hereby stricken without prejudice to reimpose after notice to the defendant. Fortt v. State, 658 So.2d 637 (Fla. 2d DCA 1995).
We affirm the judgments and remand for resentencing as directed above.
CAMPBELL, A.C.J., and PATTERSON, J., concur.