PATTERSON, Judge.
Stephen Gildow appeals from his sentence for two counts of uttering a check. with forged endorsement and two counts of grand theft and contends that he did not receive proper credit for time served. We agree that Gildow is entitled to receive some additional credit that he claims for time served.
Gildow argues that he should have received 464 days of credit for time served, while the State concedes that he should have received 306 days of credit. We agree with the State that Gildow was entitled to credit for the 166 days served while awaiting sentencing. See § 921.161, Fla. Stat. (1995) (stating that “the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence”). We conclude, however, that he is not entitled to the additional 140 days the State concedes for time Gildow served in the Department of Corrections (DOC) immediately after the trial court originally imposed community control on these charges.
On November 11, 1994, Gildow entered a nolo contendere plea to the charges and was placed on community control. It appears that the trial court was unaware that Gildow was a state prisoner serving a sentence on an unrelated offense when the trial court placed him on community control. After the trial court imposed community control, Gildow was sent back to the DOC to serve his timé on the unrelated offense. After Gildow’s release from the DOC, he twice violated his community control in this case. The trial court revoked Gildow’s community control on May 29,1996, and sentenced him to forty-two months’ incarceration and credited Gildow with fifty-six days for time served.
Gildow claims, and the State concedes, that he is entitled to that DOC time served after the trial court originally imposed community control. First, that DOC time is on a. wholly unrelated matter for which he was sentenced before being placed on community control. In Monroe v. State, 533 So.2d 331 (Fla. 1st DCA 1988), the First District held that the defendant was not entitled to credit at his sentencing for violation of probation for time he had served in state prison for an unrelated offense. Second, the DOC time was not time served awaiting disposition of the current charges. Compare Perry v. State, 639 So.2d 1090 (Fla. 2d DCA 1994) (holding that a defendant is entitled to credit for jail time served while awaiting his sentence for violation of community control). Gildow’s DOC time was time served while he was supposed to be on community control for the current charges. Accordingly, we hold that Gildow is not entitled to credit for time served in the DOC for an unrelated offense after the trial court imposed community control.
Thus, we modify Gildow’s sentence to reflect a credit for time served of 166 days rather than fifty-six days.
Affirmed as modified.
PARKER, A.C.J., and BLUE, J., concur.