750 So.2d 709 (2000)
David B. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4532.
District Court of Appeal of Florida, Second District.
January 14, 2000.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
David B. Jones appeals a sentence of 9 years' imprisonment imposed pursuant to an order revoking his probation. Mr. Jones has not challenged the propriety of the revocation of probation, but disputes the sentence imposed thereon. We reverse the sentence because a presumption exists that the sentence, though lawful in its duration, was vindictive due to the trial court's statements. We remand the case for resentencing by a different circuit court judge.
In 1994, Mr. Jones pleaded guilty to two counts of committing a lewd and lascivious act on a 12-year-old child. On March 31, 1994, Mr. Jones was sentenced on those charges to concurrent split sentences of 3½ years' imprisonment, followed by 5 years' probation. Mr. Jones was released from prison and began his probation on July 10, 1995. The terms of his probation prohibited him from committing another crime and from having unsupervised contact with children.
On February 28, 1998, Mr. Jones was arrested for committing a lewd and lascivious act on a 6-year-old child in Manatee County. Mr. Jones had befriended a family in his neighborhood and agreed to babysit their children. The victim was a child of this family.
An affidavit of violation of probation was filed in this case on March 17, 1998, alleging *710 that Mr. Jones had violated his probation by committing a new offense and by having contact with children without supervision. A hearing was held on November 10, 1998. At the time of the hearing, Mr. Jones already had been convicted of the Manatee County offense. Rather than calling a fingerprint expert to identify the fingerprints on a certified copy of that judgment, the State commenced the hearing by calling the young victim of the new offense and her mother to repeat the testimony they had given in Manatee County. Thereafter, the State questioned Mr. Jones' probation officer to establish his knowledge of the conditions of probation and his violation. It was during this testimony that the State first produced the certified copy of the Manatee County judgment that convicted Mr. Jones of this subsequent crime. The trial judge was understandably dismayed to find that an extensive hearing was unnecessary because a conviction had been obtained in the Manatee County case. The trial judge was concerned that this revocation hearing might further traumatize the child victim. To make matters worse, Mr. Jones appeared to have no valid defense to the violation of probation. His only possible defense suggested that he was neither the defendant in this case, nor the person convicted in Manatee County.
At this point, the trial judge, in exasperation, called the hearing a "charade." Defense counsel objected to this characterization. However, the trial judge proceeded to warn Mr. Jones that if he continued with this "charade," she would sentence him to the maximum prison term permitted, to be served consecutively to his time in Manatee County. Mr. Jones continued with his defense. At the conclusion of the hearing, the trial court sentenced him to the maximum sentence permitted: 9 years' imprisonment, consecutive to his Manatee County sentence. Mr. Jones received credit for all time previously served in this case.[1]
The sentence imposed was a lawful sentence within the guidelines. See Fla. R.Crim. P. 3.701, 3.988(b) (1993). But for the trial judge's frustrated comments on the sentence to be imposed, we would affirm this sentence. However, the comments made by the trial judge, followed by the sentence imposed in accordance with those comments, raise a presumption that the sentence was vindictive in nature. See Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979); Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979). There is nothing in the record to refute that presumption. Mr. Jones had a constitutional right to this hearing. To impose a presumptively vindictive sentence because of his exercise of that right is fundamental error. See Mc-Donald v. State, 751 So.2d 56 (Fla. 2d DCA 1999). Although we understand the source of the trial court's frustration, we must vacate the sentence and remand the case for resentencing by a different trial judge.
Sentence reversed and remanded for resentencing.
WHATLEY and DAVIS, JJ., Concur.
NOTES
[1] Mr. Jones also challenges the trial court's refusal to credit him with time served in Manatee County on that charge while awaiting his violation of probation hearing. Because the trial judge ordered the time in this case to be served consecutively to the time served in Manatee County, Mr. Jones would not be entitled to "double credit" for time served in Manatee County on that charge. See Gildow v. State, 700 So.2d 769 (Fla. 2d DCA 1997). On remand, the result should be the same unless the new trial judge orders a concurrent sentence.