SALCINES, Judge.
In case number 2D02-4885, James Brown, Jr., appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in circuit court case number 99-13982. We affirm the trial court’s order without discussion.
However, in case number 2D04-208, we grant Brown’s petition alleging ineffective assistance of appellate counsel arising out of the direct appeal of the judgment and sentence in that same circuit court case number 99-13982. Because Brown’s sentence would have been reversed had the vindictive sentence claim been raised on direct appeal, we conclude that his appellate counsel was ineffective for failing to raise the issue on direct appeal. Accordingly,' we reverse his sentence and remand for resentencing by a judge other than the original sentencing judge.
In circuit court case 99-13982, Brown was charged with one count of sale of cocaine and one count of possession of cocaine. According to the record, Brown was offered a sentence of 33.7 months (less than three years) 'in prison as part of the plea negotiations. Brown rejected the offer and chose to proceed to trial. He was convicted of both offenses, and the court sentenced him to twenty years in prison as a habitual felony offender on count one and five years in prison on count two. Brown filed his direct appeal in case number 2D00-1515, and this court per curiam affirmed the judgment and sentences in 2001. See Brown v. State, 782 So.2d 390 (Fla. 2d DCA 2001) (table decision).
At the time- of Brown’s direct appeal, the standard in this district for determining whether a sentence is vindictive was. set forth in McDonald v. State, 751 So.2d 56 (Fla. 2d DCA 1999). According to McDonald, when the judge has been involved in the plea negotiation and then later imposes a stiffer sentence, the sentence is presumed to be vindictive. 751 So.2d at 59. This presumption may be overcome only if the record affirmatively demonstrates that the defendant’s insistence to proceed to trial was given no consideration by the judge at the time of sentencing. Id.
The record in this case indicates that the trial judge initiated and was involved in the plea negotiations. At a pretrial conference held in case numbers 98-22787 and 99-13982, the trial judge offered Brown a bottom of the guidelines sentence of 33.7 months in prison in case 98-22787.[1] In an attempt to persuade Brown to accept that offer, the trial judge offered him the same sentence, 33.7 months in prison, in case 99-13982, the instant case. The trial judge further “sweetened” the deal by of *746 fering Brown equal jail credit in both cases although Brown was not entitled to such credit in case 99-13982. In addition, prior to swearing in the jury on the day of trial in case 99-13982, the trial judge again gave Brown another chance to accept the plea offer made at the pretrial conference. However, Brown chose to go to trial, and after he was convicted in case 99-13982, the trial judge imposed a harsher sentence of twenty years in prison as a habitual felony offender. Therefore, according to McDonald, a presumption of vindictiveness exists. That presumption is not refuted because the record does not affirmatively demonstrate that Brown’s election to proceed to trial did not influence the judge’s exercise of discretion when sentencing him. See id. at 59. The trial judge did not reveal, nor does the record indicate, any reasons that were unknown at the time of the original plea offer which would support the stiffer sentence. Although the trial judge reeited Brown’s pri- or record and the facts of the case as reasons for the increased sentence, the record of the pretrial conference indicates that the trial judge was aware of the details of Brown’s prior record and the facts of the case at the time he made the initial plea offer. We find nothing in the record to refute the presumption that the sentence was a product of judicial vindictiveness.
Brown has established that his sentence is vindictive according to the law at the time of his direct appeal, and his appellate counsel was ineffective for failing to raise the issue on appeal. We also conclude that Brown’s sentence is vindictive under the current standard set forth in Wilson v. State, 845 So.2d 142 (Fla.2003). According to Wilson, in determining whether a presumption exists that an imposed sentence is the result of judicial vindictiveness, the totality of the circumstances must be considered. 845 So.2d at 156. If a presumption of vindictiveness exists and the record does not rebut that presumption, the defendant is entitled to be resentenced by a different judge. Id. at 159. The factors to be considered in assessing the totality of the circumstances include, but are not limited to: (1) judicial participation in plea negotiations followed by a harsher sentence; (2) whether the trial judge initiated the plea discussions with the defendant in violation of State v. Warner, 762 So.2d 507 (Fla.2000); (3) whether the trial judge, through his or her comments on the record,' appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (4) the disparity between the plea offer and the ultimate sentence imposed; and (5) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing. Wilson, 845 So.2d at 156.
We are left with no other conclusions from the record but that the facts of the instant case give rise to a presumption of vindictiveness. It appears from the record that the trial judge initiated and repeated the plea offers when he urged Brown to accept the plea at the pretrial conference and as jury selection was to start. Furthermore, the disparity between the plea offers and the sentence imposed is great. Brown was originally offered 33.7 months (less than three years) in prison, but he was ultimately sentenced to twenty years in prison. Lastly, the record does not indicate any reasons for the harsher sentence that were unknown to the trial judge at the time of the repeated original offers. Therefore, in initiating and repeating the plea offers, the trial judge departed from his role as an impartial arbiter.
*747 We conclude that, while a twenty-year habitual felony offender sentence for sale of cocaine is not per se inappropriate, the facts of this case establish that Brown’s sentence is vindictive. Because it is vindictive, the sentence would have been reversed on direct appeal had the issue been raised. Therefore, we grant the petition and reverse and remand for Brown to be resentenced before a jurist other than the original sentencing trial judge. See Wilson, 845 So.2d at 159; Jones v. State, 750 So.2d 709 (Fla. 2d DCA 2003).
Denial of motion for postconviction relief in case 2D02-4885 affirmed; petition for ineffective assistance of appellate counsel in case 2D04-208 granted, sentence reversed, and remanded with directions.
DAVIS and VILLANTI, JJ., Concur.

. Brown was subsequently acquitted of the charges in case number 98-22787.