922 So.2d 1037 (2006)
V.D., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1217.
District Court of Appeal of Florida, Fifth District.
March 3, 2006.
*1038 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, V.D., takes this appeal from an order adjudicating her delinquent for resisting arrest with violence in violation of section 843.01, Florida Statutes (2005), and battery on a law enforcement officer in violation of section 784.07(2)(b), Florida Statutes (2005). We affirm the final order in all respects except for the imposition of a $1,000 fine.
At the conclusion of final dispositional hearing the trial court adjudicated V.D. delinquent and sentenced her to the supervision of the Department of Juvenile Justice until her 19th birthday. Among other things, V.D. was required to pay a "fine" of $1,000. When V.D.'s counsel asked if the $1,000 fine was the result of her decision to go to trial, the court responded, "No  oh, yes, actually it is . . . the fine is not punitive, it's compensatory." At a later hearing on a motion to correct V.D.'s sentence, the trial judge again repeated that he ordinarily imposes fines such as the $1,000 imposed against V.D. in cases where people elect to go to trial.
A trial court must provide a statutory basis for every cost imposed. See Miller v. State, 912 So.2d 1282 (Fla. 2d DCA 2005); Fortt v. State, 658 So.2d 637 (Fla. 2d DCA 1995). A fine must also have a statutory basis before it can be imposed. There is no statutory authority for imposing a monetary fine simply because a juvenile exercises her constitutional right to go to trial. The trial court cited no such authority in imposing the fine, and the State commendably agrees that there is no such authority. Section 775.083(1), Florida Statutes (2005), which authorizes the imposition of a fine for any person "convicted of an offense," does not apply to juvenile proceedings because a juvenile is adjudicated delinquent, and not convicted. State v. N.P., 913 So.2d 1 (Fla. 2d DCA 2005); E.J. v. State, 912 So.2d 382 (Fla. 2d DCA 2005). Moreover, the imposition of a fine or any other punishment just because a person elects to go to trial has an unsavory scent that smacks of vindictive sentencing. See, e.g., Jones v. State, 750 So.2d 709 (Fla. 2d DCA 2000); Womack v. State, 617 So.2d 1107 (Fla. 1st DCA 1993); see also Lawley v. State, 680 So.2d 472 (Fla. 1st DCA 1996); Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla.1980).
We do not think the trial judge in this case was being vindictive. The transcripts do not suggest that in any way. We think the imposition of the fine was simply a personal courtroom policy that is simply not authorized by the law. Accordingly, we affirm the judgment and sentence in all respects except that we strike the $1,000 fine imposed against V.D.
AFFIRMED in part, REVERSED in part, and REMANDED.
PLEUS, C.J. and TORPY, J., concur.